No. 46,560

Rosa Rogers, *Appellee,* v. Ardyce Craig Wahl, *Appellant.*

(502 P. 2d 716)

Opinion filed November 4, 1972.

*Howard Harper,* of Junction City, argued the cause, and *Lee Hornbaker, Richard Waters, Bob Abbott,* and *Darold Bolton,* of Junction City, were with him on the brief for the appellant.

*Wilburn Dillon, Jr.,* of Topeka, argued the cause, and *Leo N. Johnson,* of Council Grove, *Gene E. Schroer, Howard A. Jones, Frank M. Rice, Jules V. Doty,* and *John J. Bryan,* of Topeka, were with him on the brief for the appellee.

*Per Curiam:* Appellant, Ardyce Craig Wahl, and appellee, Rosa Rogers, had been residents of Wabaunsee county and friends for a number of years. Appellant was to be married on September 28, 1967. She owned a house in Alta Vista. In view of the impending marriage, she decided to sell it to appellee. The closing agreement, deed and promissory note were executed September 23, 1967. Appellant wanted to complete the transaction prior to the marriage. The parties agreed to go to Alma where appellant would purchase revenue stamps for the deed and appellee would record the instrument. On September 26, 1967, appellant drove to appellee's home, planning to go to Alma. Appellee wanted to take a case of eggs with her to deliver to her daughter. She inquired if the parties should take her car. It was raining and appellant replied, "No, get in."

En route to Alma appellant's car collided with a vehicle driven by one Elton Maas. Appellee brought this action against appellant and Maas to recover damages for personal injury arising out of that collision. The jury absolved Maas of negligence. He is not involved in this appeal. The jury found the negligence of appellant to be the proximate cause of the accident.

There was no claim of gross and wanton negligence in this case. After discovery depositions appellant moved for summary judgment on the grounds that as a matter of law appellee was a guest within the meaning of the guest statute, K. S. A. 8-122 (*b*). The trial court overruled that motion, stating that there still existed a question of

fact as to whether or not appellee was a guest in appellant's car. We find no error in that ruling. At the close of appellee's evidence and again after all the evidence was in, appellant moved for a directed verdict for the same reason. These motions were overruled. Appellee then moved that the court rule as a matter of law that appellee was not a guest and not submit the guest statute issue to the jury. The trial court sustained this motion, saying:

". . . [T]here is no material dispute whatsoever as to the evidence that the plaintiff (appellee) was not a guest and therefore the guest instruction is not being given."

There was no essential variance between the deposition testimony and the evidence at the trial. Appellant and appellee both testified that the purpose of the trip was to complete the business transaction involving the sale of the appellant's house to appellee. The trip was made to Alma so that appellant· could purchase revenue stamps for the deed and so that appellee could record the deed. The transaction would thus be completed prior to appellant's marriage.

This court said in *Carruth v. Cunningham*, 207 Kan. 781, 486 P. 2d 1401:

"In determining the question whether a person is or is not a 'guest' within the meaning of the statute, among the many elements to be considered are the identity and relationship of the parties; the circumstances of the transportation; the nature, type and amount of 'payment'; the benefits or advantages resulting to the respective parties growing out of the transportation; whether the 'payment', of whatever nature, constituted a tangible benefit to the operator and was the motivating influence for furnishing the transportation; and the nature and purpose of the trip. (Following *Bedenbender v. Walls*, 177 Kan. 531, Syl. ¶ 4, 280 P. 2d 630.)" (Syl. ¶ 2.)

This court also said in *Gorelick v. Ernstein*, 200 Kan. 619, 438 P. 2d 93, at page 622:

". . . [W]e have said more than once that where the transportation tends to promote the common interest of passenger and driver or where it is primarily to promote some interest of the driver, the passenger is not a guest within the meaning of the statutes. (*Cope v. Radford*, 191 Kan. 617, 623, 383 P. 2d 563, and cases cited therein.)"

When we apply the legal principles of those cases to the factual circumstances presented here, we find that the trial court was correct in ruling as a matter of law that appellee was not a guest as contemplated by the guest statute.

The judgment is affirmed.