No. 47,318

Ambrose Heim, *Appellant,* v. Donald Werth, *Appellee.*

(522 P. 2d 389)

Opinion filed May 11, 1974.

*Frank C. Norton* and *William L. Winkley,* Salina, were on the brief for the appellant.

*Howard G. Engleman,* Salina, was on the brief for the appellee.

*Per Curiam:* This is an appeal in a damage action wherein Ambrose Heim (plaintiff-appellant) sustained injuries alleged to have been caused by the negligence of Donald Werth (defendant-appellee), while Heim was a passenger in Werth's automobile. Only simple negligence was alleged in the petition, and the trial court sustained defendant's motion for summary judgment on the ground that the plaintiff was a "guest"—that the guest statute, K. S. A. 8-122b, applied.

The sole question is whether the record before the trial court was sufficient to declare the plaintiff a guest as a matter of law.

In *Smith v. Engel,* 206 Kan. 298, 299, 300, 477 P. 2d 937, we said:

"Summary judgment may be entered as a matter of law for the moving party under K. S. A. 60-256 (c) if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.

". . . It has been said before summary judgment is granted the court must be convinced that the issue is not genuine or that there are only immaterial or imaginery factual issues. . . ."

Also, see, *Vaughn v. Murray,* 214 Kan. 456, 521 P. 2d 262.

There was evidence showing the plaintiff and the defendant were working on the same project for the same employer at Smith Center, Kansas, located 135 miles from Salina, where the parties resided. Defendant began work on April 10, 1972, and the plaintiff began on April 17, 1972. The day before the plaintiff started working he called the defendant and stated there was no need to use two cars. The defendant then said he would drive his car and plaintiff stated he would compensate the defendant. Plaintiff rode to Smith Center with defendant on Monday, April 17. The plaintiff did not have

occasion to ride with the defendant on the following Friday or Monday. However on Friday, April 28, the plaintiff rode with the defendant to Salina and when they reached Salina, the plaintiff paid the defendant $3. The plaintiff claimed it was for the cost of gasoline. Defendant said he would drive next week. On Monday, May 1, on the way to Smith Center, the accident occurred.

Plaintiff and defendant were not personal friends nor did they socialize. The sole purpose of the ride was the business of getting to and from work.

In *Bedenbender v. Walls*, 177 Kan. 531, 538, 280 P. 2d 630, while holding the guest statute applied, we said, "There was no relationship of mutual benefit between or among them other than of a social nature". Here there are other benefits, and the relationship was not of a social nature. (See, *Rothwell v. Transmeier*, 206 Kan. 199, 203, 477 P. 2d 960; *Rogers v. Wahl*, 210 Kan. 352, 502 P. 2d 716; quoting *Gorelick v. Ernstein*, 200 Kan. 619, 438 P. 2d 93.)

Since the evidence discloses the commuting from Salina to Smith Center was purely for business purposes, and not social; that payments were promised and made; sufficient questions of fact were raised and the motion for summary judgment should not have been sustained.

In *Henry v. Bauder*, 213 Kan. 751, 518 P. 2d 362, opinion filed January 26, 1974, we held the Kansas guest statute unconstitutional.

In *Vaughn v. Murray*, supra, we held:

". . . When a judgment or a verdict has been entered in a district court prior to January 26, 1974, and the same is free of reversible error under the law then existing, the law as declared in *Henry v. Bauder*, supra, shall not apply unless the constitutional question decided in the overruling decision has been timely presented to the trial court.

"As a corollary to this rule limiting the retroactive effect of *Henry v. Bauder*, supra, it follows that if a judgment or verdict entered prior to January 26, 1974, is thereafter set aside on proper motion in the district court or reversed on appeal because of reversible error under the prior law any trial conducted thereafter shall be governed by the law as now declared in the overruling decision, *Henry v. Bauder*, supra.

". . . The summary judgment, although entered and pending prior to January 26, 1974, is reversed on appeal because of reversible error under the prior law. Since this is true the claim is remanded for trial, trial should be conducted under the law as now declared in the overruling decision and the parties should be permitted to reframe the issues by amendment of pleadings or by pre-trial order." (p. 467.)

The trial court committed reversible error in sustaining the

motion for summary judgment finally entered on August 7, 1973. Appeal was made therefrom and pending here January 26, 1974.

The ruling in *Vaughn* is applicable here and the matter is remanded for further proceedings as stated in *Vaughn*.

The defendant claims the plaintiff's appeal was not timely made. Summary judgment was rendered July 17, 1973. Notice of appeal was filed August 17, 1973, or 31 days after summary judgment was filed. K. S. A. 60-2103 (*a*) provides:

"*When and how taken.* When an appeal is permitted by law from a district court to the supreme court, the time within which an appeal may be taken shall be thirty (30) days from the entry of the judgment, as provided by section 60-258, except that in any action . . . The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, . . . or granting or denying a, motion under section 60-252 (*b*) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; . . ."

and K. S. A. 60-252 (*b*) provides:

"(*b*) *Amendment.* Upon motion of a party made not later than ten (10) days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. . . ."

The plaintiff, on July 26, 1973, filed a motion for rehearing, asking the court to correct its findings and to set aside its findings in the July 17 decision. This motion was heard on August 7, 1973, and denied. Appeal was taken August 17, 1973, from the order of July 17, 1973, and also from the order of August 7, 1973, denying the plaintiff's motion for rehearing.

In *Ten Eyck v. Harp*, 197 Kan. 529, 533, 419 P. 2d 922, we said:

"Although the name attached to a pleading is not conclusive, it is to be considered in connection with what was done and the relief sought. While a 'Motion for Rehearing' is not one of the motions expressly designated in 60-2103 (*a*), the plaintiff's motion stated specifically the alleged error of the district court and the grounds relied upon, and looking through form to substance, we think it sought to alter or amend the judgment. (60-259.) Hence, we conclude that plaintiff's 'Motion for Rehearing' sought such relief as is contemplated by K. S. A. 60-259 and 60-2103 (*a*) and suspended the running of time for perfecting an appeal until it was overruled on October 28, 1965. The notice of appeal, being served and filed on November 22, 1965, was within the 30-day period prescribed by law, and the instant appeal was timely perfected."

The motion herein did seek to "alter or amend the judgment of the district court", consequently, the time for filing an appeal commenced August 7, 1973.

The motion to dismiss is denied, and the case is remanded to the district court for further proceedings as above directed.