No. 45,272

Norman Dean Herbel, *Appellee*, v. David E. Endres, *Appellant.*

(451 P. 2d 184)

Opinion filed March 8, 1969.

*Lelus B. Brown,* of Newton, argued the cause, and *William L. Brown,* also of Newton, was with him on the brief for the appellant.

*Vernon A. Stroberg,* of Newton, argued the cause, and *Kenneth G. Speir, Herbert H. Sizemore* and *Richard C. Hrdlicka,* all of Newton, were with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is a damage action brought by the plaintiff to recover for personal injuries and damages to his motorcycle resulting from an intersection collision between the plaintiff's cycle and the defendant's auto. The case was tried to a jury and resulted in a verdict for the defendant upon which judgment was entered by the trial court. Thereafter the trial court granted the plaintiff's motion for a new trial, and the defendant has duly perfected an appeal to this court.

The underlying question is whether this court has jurisdiction of the appeal.

Briefly stated, the facts are that Norman Dean Herbel (plaintiff-appellee) was riding a motorcycle in a northerly direction on U. S.

Highway No. 81 south of Newton, Kansas, approaching the intersection of Southeast 14th Street. David E. Endres (defendant-appellant) was approaching the intersection in question from the west and had stopped at the stop sign, after looking to the south, but did not see the plainiff. He then proceeded to cross the intersection and struck the plaintiff who was riding the motorcycle.

The plaintiff testified that as he approached the intersection of Southeast 14th Street he saw the defendant headed in an easterly direction stopped at the stop sign on the west. He then felt it was no longer necessary to observe the defendant and proceeded into the intersection.

The case was tried to a jury on the usual issues of negligence and contributory negligence. From a review of the record presented on appeal it may be said the defendant was guilty of negligence in proceeding into the intersection as he did, but the question of the plaintiff's contributory negligence and whether it was a proximate cause of the collision was properly a matter to be determined by the jury.

At the close of all the evidence the plaintiff's motion for a directed verdict as to liability was overruled, and on presenting the case to the jury the court, among the twenty-two instructions submitted, correctly instructed the jury on the issue of the plaintiff's contributory negligence.

No special questions were submitted to the jury, and it promptly returned a general verdict for the defendant. The court thereupon approved the verdict and rendered judgment in favor of the defendant.

Within the time allotted by K. S. A. 60-259 (b) the plaintiff filed a motion for a new trial on three grounds which were stated as follows:

"(1) The verdict is contrary to the law and the evidence, in that there was no evidence that plaintiff was guilty of any negligence. That defendant's own testimony absolved plaintiff of any negligence, in that the evidence of defendant was that had he looked, which he was obligated to do, after he left the stop sign he would and could have seen the plaintiff and he, the defendant, could have stopped and avoided the plaintiff—this he failed to do; and that failure was the immediate proximate cause of the injury to the plaintiff.

"(2) The Court erred in refusing plaintiff's motion to direct a verdict in favor of the plaintiff on the issue of liability at the close of all the evidence, leaving only the question as to damages to the jury.

"(3) The Court erred in giving any instructions as to alleged contributory negligence, for the reasons set forth in paragraphs 1 and 2 above."

The motion was argued on the 1st day of June, 1967, at which time the court took the matter under advisement until the 5th day of June, 1967, when it announced the decision granting a new trial in open court.

In making its decision the trial court cited cases decided prior to the enactment of the new code of civil procedure. It relied heavily upon *Lord v. Hercules Powder Co.*, 161 Kan. 268, 167 P. 2d 299; and *Bishop v. Huffman*, 175 Kan. 270, 262 P. 2d 948, quoting portions of these opinions. It relied upon these cases for the proposition that unless the court can give a verdict its independent approval it has not only the right, but the duty, to set it aside and grant a new trial.

In announcing its decision the trial court said:

". . . I have made a review of the evidence. *I have weighed the testimony on the question of the plaintiff, Mr. Herbel's contributory negligence,* and I have considered the discretionary powers vested in the trial court and I have come up with the following result, *and again this is case law that if a trial court is dissatisfied with the verdict, it not only has the authority but it is its duty to set such verdict aside.* In the event this matter should be appealed to the Supreme Court, and so the record is clear at this point, the Court is sustaining the motion for a new trial." (Emphasis added.)

The trial court made further statements concerning its dissatisfaction with the verdict and concluded:

"Again, it is the ruling of the Court that the motion by Norman Dean Herbel for a new trial is hereby granted on the basis the Court is dissatisfied with the verdict."

Nowhere did the trial court in announcing its decision on the motion for a new trial express an opinion that it erred in failing to direct a verdict for the plaintiff on the issue of liability, or that it erred in submitting the question of the plaintiff's contributory negligence to the jury and instructing the jury thereon.

We must therefore conclude the trial court did not grant the motion for a new trial upon any of the grounds stated in the plaintiff's motion for a new trial, but for a reason of its own—that it was dissatisfied with the verdict. But this is not one of the grounds upon which a new trial can be granted under K. S. A. 60-259.

Our decision herein is controlled by *Landscape Development Co. v. Kansas City P. & L. Co.*, 197 Kan. 126, 415 P. 2d 398. There, as here, the appeal was challenged on the ground that an order grant-

ing a new trial is not a final order and, hence, is not appealable within the purview of K. S. A. 60-2102. In the opinion the court said:

"We agree that normally an order granting a new trial does not possess the finality required of an appealable order within the meaning of the statute. . . .

. . . . . . . . . . . . .

"However, while it is the general rule that an order granting a new trial is interlocutory and, hence, not subject to appeal as a matter of right, federal courts have long recognized an exception to the rule in those instances where the order is challenged on jurisdictional grounds. . . ." (p. 127.)

In the opinion the court adopted the rationale of the federal rule (under a similar appeal statute). It is to the effect that whether or not the trial court had the jurisdiction or power to make an order granting or refusing a new trial, thereby avoiding a former judgment, is always reviewable on an appeal challenging the order, because it goes to the effect and finality of the judgment itself.

In the *Landscape Development Company* case, as here, a substantial challenge was directed to the jurisdiction of the trial court to grant a new trial. It was said that challenge brings the appeal within the purview of the exception just noted.

The authority of the trial court to direct a new trial, however, must be exercised within the scope of the statute. Under K. S. A. 60-259 (*e*) the trial court of its own initiative may order a new trial "for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor." In the *Landscape Development Company* case the court said:

"We think the trial court exceeded the bounds of its statutory authority in both respects: the reason assigned for granting the new trial was not one for which a party might have sought a new trial; and the reason for the court's action was not spelled out in its order.

"K. S. A. 60-259 (*a*) sets forth, in plain and unmistakable language, the grounds on which a new trial may be granted to all or any of the parties. There are six of them. We see no need to list them now. It is sufficient, here, to say that the reason assigned by the trial court in this case, 'that the Court cannot approve the verdict of the jury, period,' is not one of the six grounds listed in the statute.

"*We deem the grounds delineated by statute to be exclusive and to constitute a limiting factor upon the authority of a trial court to grant a new trial. . . .*" (pp. 132, 133.) (Emphasis added.)

There, as here, the trial court granted a new trial because it was dissatisfied with the verdict, which is not one of the six grounds listed in the statute.

In ordering a new trial on its own initiative, the trial court is not only limited to those grounds for which it might have ordered a new trial on motion of a party, but it must also state its reason for its action specifically, not in the general language of the statute.

The appellee in the *Landscape Development Company* case relied upon cases decided prior to the enactment of the new code of civil procedure, as did the trial court in the instant case. In answering the appellee there this court said:

"However, the cited cases were decided under procedures existing before the enactment of K. S. A. 60-259 (*e*). The former statutes governing the granting of new trials (G. S. 1949, 60-3001, *et seq.*) placed no limitation upon the trial court's power to grant new trials on its own motion, provided its action was taken within the term of court at which judgment was rendered. *The present statute is in sharp contrast. It has effected important changes in the former procedure.* While a trial court still has a high duty to grant a new trial on its own initiative when it disapproves the verdict, *its disapproval must be bottomed on one of the statutory grounds, and its reasons therefor must be set out in its order specifically, not generally.* . . ." (p. 134.) (Emphasis added.)

The appellee herein calls our attention to a recital in the journal entry as follows:

"That the Court is not satisfied with the verdict and cannot approve the same, for the reasons stated, and that it is the order of the Court that the plaintiff should be and is hereby granted a new trial herein."

The appellee argues the granting of a new trial "for the reasons stated" has reference to the grounds set forth in the motion for a new trial. We do not so construe the "Journal Entry On Motion For New Trial." The reasons stated by the trial court for its decision are set forth in the record which was made when the decision was announced on the 5th day of June, 1967.

We hold the trial court's order setting aside the verdict and granting a new trial did not comply with the requirements of 60-259 (*e*), *supra*, and was ineffective. The trial court had no jurisdiction to grant a new trial simply because it was dissatisfied with the verdict. This is not one of the grounds upon which a motion for a new trial may be granted.

The judgment of the lower court is reversed with directions to set aside its order granting a new trial and to reinstate the verdict of the jury.