47,112

Leonard Mettee, *Appellant,* v. The Urban Renewal Agency and The City of Kansas City, Kansas, et al., *Appellees.*

(518 P. 2d 555)

Opinion filed January 26, 1974.

*John H. Fields,* of Carson, Fields, Kugler & Boal, of Kansas City, Kansas, argued the cause and was on the brief for the appellant.

*James J. Lysaught,* of McAnany, Van Cleave & Phillips, of Kansas City, Kansas, argued the cause, and *R. H. Foerschler,* of the same firm, was on the brief for the appellees.

The opinion of the court was delivered by

Owsley, J.: This is an appeal by a landowner from a jury verdict in a condemnation case. The court-appointed appraisers awarded $18,750. The jury verdict was $17,500. The appeal to this court is based principally on the failure of the trial court to prevent improper final argument.

The subject property is six twenty-five foot lots, 125 feet deep, situated at approximately 131 Southwest Boulevard in Kansas City, Kansas. It is two and one-half or three blocks east of the intersection of 7th and Southwest Boulvard. For twenty years the property was rented to one Jasper Wigglesworth, proprietor of the Wigglesworth Truck Company. The rental was $175.00 per month, based on a handshake agreement. There were no improvements. Wiggles-

worth's operation also included the property of two adjacent land-owners.

The record discloses that appellee in its final argument to the jury made the following statements:

"Now, folks, common sense. You are homeowners or you are living with someone who is a homeowner. Does it make common sense that the taxes for this piece of property are $261 if it was worth $50,000 or $60,000, I ask you?

. . .

"And again, Mr. Vaughan would tell you $2.25 per square foot of ground. Now, use your common sense, the knowledge you possess with mankind generally. Does that make sense? Two hundred sixty-one dollars in taxes. Forty-two thousand dollars this property is worth, and the annual taxes are $261? Huh!"

Appellant's objection to this argument was overruled, as well as his request that the jury be admonished. Appellee had previously attempted to introduce into evidence the amount of the annual taxes through its first valuation witness as a necessary fact to be considered in developing the income approach to valuation of the property. Sustaining an objection by appellant, the court ruled:

". . . I am going to bar him from stating the amount. This is nothing but a backhand method of proving valuation, which anybody knows in this city is not reliable.

"This is the same as showing what the appraised value was for tax purposes.

"I am going to bar you from showing the exact amount. He may say that he took the taxes into consideration."

The court's ruling is basically in accord with *Love v. Common School District,* 192 Kan. 780, 391 P. 2d 152, where we said:

"An appraisal of real estate made by a third party not available for cross-examination is not admissible in evidence to establish the value of that property even though the figures from such appraisal be recorded on a document filed in a public office. (Syl. ¶ 1.)

To the same effect is the following from 5 Nichols on Eminent Domain, 3d Ed., § 22.1:

"It is almost everywhere the law that the value placed upon a parcel of land for the purposes of taxation by the assessors of the town in which it is situated is no evidence of its value for other than tax purposes. This rule of exclusion has been applied in the determination of value in eminent domain proceedings. While ordinarily it is the condemnor who seeks to introduce the evidence of assessed value, the rule of exclusion has been invoked where it was sought to introduce such evidence against a municipal condemnor, especially where the assessment was made by a state agency. The assessment is *res inter alios acta,*

and is inadmissible upon general principles of the law of evidence. Such evidence has been rejected on the ground that the assessed value is based on a valuation for a different purpose, and that it represents an *ex parte* statement of the assessor which is not subject to cross-examination. Although the assessment roll, considered as a public document, has been admitted in actions other than condemnation proceedings, as an exception to the hearsay rule, even as evidence of value, the rule of exclusion has been justified as a rule of practicality. Although the assessor is required to appraise the value of the property, it is an open secret that the assessment rarely approaches the true market value."

Subsequently, Fletcher Speck, who was appellee's first valuation witness, testified concerning the income approach to the valuation of the property. Trying to heed the court's ruling and still get into evidence the net income which the property produced, he stated the gross yearly rental was $2,100 and the net yearly rental was $1,499. He further testified he allowed as expenses a vacancy loss of $210.00, a management fee of $105.00, and insurance costs of $25.00. Since he was specific as to all expenses except taxes, theoretically they could have been computed by the jurors at $261.00. On cross-examination, in order to increase the net income figure realized from the property, appellant got Speck to admit none of his expense figures except taxes actually existed insofar as the subject property was concerned. He asked the witness outright the difference between the yearly rental of $2,100 and the taxes and the witness responded with the figure of $1,839, again disclosing the amount of the taxes to anyone who could substract one figure from the other. Subsequently, over appellant's objection, another valuation witness for Urban Renewal, Kenneth Martin, testified the taxes were $261.00.

We find the landowner's participation in the action resulting in the revelation of the taxes constituted invited error. After the court has stated the guidelines for admission of evidence, a party who introduces evidence contrary to the guidelines cannot claim error in its admission. (5 Am. Jur. 2d, Appeal and Error, § 717, p. 162.) We recognize, however, that the evidence as to the taxes was offered for a limited purpose—its relation to the income approach to valuation. As stated in *Love*, assessed valuation of property for tax purposes is not admissible to establish the value of the property. A reasonable computation of the assessed value of property from the amount of the taxes is within the ability of most taxpayers in this state. It follows that the reason for the rule denying admission of evidence as to assessed value should be extended to include taxes. So extended, the comparison of the taxes to the valuation of the

property requested by the landowner, made by Urban Renewal in its final argument, was improper. Without an admonition by the court the jury could accept the argument as having the court's approval and be free to adopt the argument as the basis of its verdict. Under the circumstances in this case an admonition should have been given. In its absence we must conclude the argument was highly prejudicial and resulted in reversible error.

We remand the case to the trial court for a new trial. Other points raised by appellant to support his request for a new trial need not be considered.

Reversed and remanded for a new trial.