No. 47,876

LEONARD METTEE, *Appellant,* v. THE URBAN RENEWAL AGENCY and THE CITY OF KANSAS CITY, KANSAS, et al., *Appellees.*

(547 P. 2d 356)

Opinion filed March 6, 1976.

*John H. Fields,* of Carson, Fields, Kugler & Boal, of Kansas City, argued the cause and was on the brief for the appellant.

*Robert H. Foerschler,* of McAnany, Van Cleave and Phillips, of Kansas City, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

MILLER, J.: The landowner in this condemnation case appeals from an order of the trial court disapproving the jury verdict and granting a remittitur or, alternatively, a new trial on the ground that the verdict is excessive and contrary to the evidence.

The court appointed appraisers awarded the landowners $18,750. The first jury awarded $17,500. The landowner appealed and this court reversed because of improper and prejudicial closing argument. *Mettee v. Urban Renewal Agency,* 213 Kan. 787, 518 P. 2d 555.

The second trial was held in September 1974. Expert witnesses for the parties and their respective opinions of the value of the land taken were as follows:

| For the Landowner | | For the Urban Renewal Agency | |
|---|---|---|---|
| Rex Vickers | $46,875 | Fletcher Speck | $ 9,375 |
| Robert Vaughan | $42,000 | Alan Austin | $10,500 |

This was a total taking of six lots on Southwest Boulevard in the Rosedale area of Kansas City, Kansas. The second trial jury returned a verdict of $42,000.

Urban Renewal filed a motion for new trial in which it enumerated some twelve grounds, including its claim that the verdict was contrary to the evidence. Counsel for the landowners sought a hearing date for the motion. Thereafter the trial judge wrote to counsel, stating:

"I am in receipt of Mr. Field's letter in which he asked me to set a date for hearing condemnor's Motion for a New Trial.

"I do not think a hearing will be necessary because the Court is of the opinion that the verdict of the jury is grossly excessive under the credible evidence, and therefore the Court could not approve the same.

"The values placed on the tract in question by the landowner's expert witnesses were unreasonably high and the values of condemnor's experts were unreasonably low in the light of any of the recognized appraisal formulae.

"It is the opinion of the Court that at the time of taking the fair market value of the tract in question was $28,000. This figure contemplates that a prospective purchaser would need to spend approximately $2,000 to make the entire depth of the tract usable.

"The Court would approve the verdict of the jury with a [remittitur] of $14,500. If your clients are willing to accept the $28,000 figure you should draft a Journal Entry and forward it to me for my signature; otherwise, the Court shall grant a new trial on its own Motion."

The landowner promptly filed a rejection of the remittitur, and a notice of appeal. Counsel were unable to agree upon a journal entry and therefore one was prepared and filed by the court. It states in part:

"(a) A hearing is not necessary because the Court is of the opinion that the verdict of the jury is grossly excessive under the credible evidence, and therefore the Court cannot approve the same.

.   .   .   .   .   .   .   .   .   .   .   .   .

"(c) It is the opinion of the Court that at the time of the taking the fair market value of the tract in question was $28,000.00.   .   .

"(d) The Court would approve the verdict of the jury with a [remittitur] of $14,500.00, but the landowner through his Attorney has advised that he is not willing to accept such [remittitur].

"IT IS THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that a new trial is granted on the ground that the amount of the verdict is excessive and is contrary to the evidence."

The landowner lists four points on appeal. He contends that:

1. The Court was without jurisdiction to grant a new trial on the ground that the Court was of the opinion that the verdict of the jury was grossly excessive under the credible evidence.

2. The Court was without jurisdiction to order a remittitur or, in the alternative, a new trial when the verdict of the jury was within the range of expert testimony.

3. The Court was without jurisdiction to weigh the testimony of the witnesses and determine its credibility having admitted the testimony of the witnesses in evidence.

4. The Court was without jurisdiction to invade the province of the jury and make findings of fact on contested factual issues.

These points are interrelated and were discussed together by both parties in their argument. The sole question is whether the trial judge in a condemnation case may grant a new trial on the ground that the verdict is "contrary to the evidence" where the verdict is in fact within the range of the expert testimony and is therefore supported by the evidence.

Ordinarily an order granting a new trial is not a final order and is not appealable to this court except where, as here, the order is challenged on jurisdictional grounds. *Landscape Development Co. v. Kansas City P. & L. Co.*, 197 Kan. 126, 415 P. 2d 398; *Herbel v. Endres*, 202 Kan. 733, 451 P. 2d 184. The landowner here contends that the trial court was without jurisdiction to take the action it took.

Prior to the enactment of our present civil code, the trial judge was a "thirteenth juror" and it was his right and duty to set aside a verdict which he did not approve. *Allen v. Urban Renewal Agency*, 192 Kan. 682, 685, 390 P. 2d 1020. K. S. A. 1975 Supp. 60-259 (*a*) enumerates the specific grounds upon which a trial court may grant a new trial. The fourth of these is:

"That the verdict . . . is in whole or in part contrary to the evidence."

As will be seen from a summary of the expert testimony, the verdict was within the evidence adduced. It was in the exact amount fixed by the witness Vaughan, and was within the range of the evidence, being between $9,375 and $46,875. In *Landscape,* supra, the only reason given by the trial court in ordering a new trial was, " 'the fact that the Court can not approve the verdict of the jury, period.' " (p. 127.) This court said:

"K. S. A. 60-259 (*a*) sets forth, in plain and unmistakable language, the grounds on which a new trial may be granted to all or any of the parties. There are six of them. We see no need to list them now. It is sufficient, here, to say that the reason assigned by the trial court in this case, 'that the Court cannot approve the verdict of the jury, period,' is not one of the six grounds listed in the statute.

"We deem the grounds delineated by statute to be exclusive and to con-

stitute a limiting factor upon the authority of a trial court to grant a new trial. . . . (pp. 132, 133.)

". . . The former statutes governing the granting of new trials (G. S. 1949, 60-3001, *et seq.*) placed no limitation upon the trial court's power to grant new trials on its own motion, provided its action was taken within the term of court at which judgment was rendered. The present statute is in sharp contrast. It has effected important changes in the former procedure. While a trial court still has a high duty to grant a new trial on its own initiative when it disapproves the verdict, its disapproval must be bottomed on one of the statutory grounds, and its reasons therefor must be set out in its order specifically, not generally. These changes in past procedure are not to be ignored; the limitations effected thereby are binding upon courts. . . .

"We are constrained to hold that the trial court's order setting aside the verdict and granting a new trial did not comply with the requirements of K. S. A. 60-259 (*e*) and was ineffective. . . ." (pp. 134, 135.)

In *Herbel v. Endres*, supra, the trial court, in announcing its decision granting a new trial, said:

"'. . . I have made a review of the evidence. *I have weighed the testimony on the question of the plaintiff, Mr. Herbel's contributory negligence,* and I have considered the discretionary powers vested in the trial court and I have come up with the following result, *and again this is case law that if a trial court is dissatisfied with the verdict, it not only has the authority but it is its duty to set such verdict aside.* In the event his matter should be appealed to the Supreme Court, and so the record is clear at this point, the Court is sustaining the motion for a new trial.' (Emphasis added.)

"'. . . [I]t is the ruling of the Court that the motion by Norman Dean Herbel for a new trial is hereby granted on the basis the Court is dissatisfied with the verdict.'" (p. 735.)

We held that the trial court had no jurisdiction to grant a new trial simply because it was dissatisfied with the verdict.

Here, the trial judge stated both in his letter and in the journal entry that the verdict was grossly excessive under the *credible* evidence. He found the values fixed by the experts to be either unreasonably high or unreasonably low. He determined the fair market value of the property to be $28,000, granted a remittitur in order to reduce the amount of the verdict, and when the landowner rejected the remittitur, ordered a new trial on the expressed basis that the verdict was "contrary to the evidence." On this, we cannot agree.

As we pointed out in *Landscape* and *Herbel*, an order granting a new trial must be bottomed on one or more of the six enumerated grounds set forth in K. S. A. 60-259 (*a*), and the trial court must set out specifically the reasons for its order. The order here attacked

discloses that the court considered the verdict to be contrary to the "credible" evidence, though it was within the range of the values expressed by the witnesses.

The trial court complied with the form of the present statute, but not the substance. The court's order stated that the verdict was contrary to the evidence. K. S. A. 1975 Supp. 60-259 (a) The court also set forth specific reasons for its order. However, the reasons set forth constitute an impermissible basis for granting a new trial. Those reasons amount to a substitution of the court's judgment for that of the jury. In 58 Am. Jur. 2d, New Trial, § 137, p. 344, it is noted that:

"It is not  .  .  .  a sufficient ground for a new trial that the verdict is merely contrary to what appears to be a preponderance of the testimony, or that the court, acting as trier of the facts, would have arrived at a conclusion opposed to that of the jury. . . ."

In 58 Am. Jur. 2d, New Trial, § 145, pp. 351, 352, the author continues:

"Where the determination of an issue of fact depends upon the credibility of witnesses and a jury would be justified in coming to a conclusion either way, according to the credence to be given to the testimony on the one side and on the other, the issue is deemed to have been one for the jury's determination, even though the court is convinced as to where the truth lies, and a new trial will not be ordered. If the verdict is a conclusion to which 12 honest men, acting fairly and intelligently, might come, then it is final and cannot be disturbed; if the trial judge should set it aside he would himself be in error, as passing the bounds of his own proper function and invading the province of the jury. . . ."

Appellee argues that the trial court should reject those portions of expert testimony that he believes unreliable where such testimony comprises a substantial and integral part of the entire evidence, citing *Collins v. Merrick*, 202 Kan. 276, 448 P. 2d 1. *Collins* is easily distinguishable from the present case since that case involved a trial to the court, which was the trier of fact. Here, the jury was the trier of fact. The evidence was comprised of the testimony of expert witnesses called by both sides. The jury heard all the testimony and observed all the witnesses. The $42,000 verdict it rendered was within the range of the evidence. It was not for the trial court to assess the witnesses' credibility in setting aside that verdict and in granting a new trial.

A trial court cannot weigh the evidence, make its own determination, and substitute its judgment for that of a jury. In an eminent domain case the outside limits of the verdict are fixed by the

valuation evidence which the court has received, and which is before the jury. A verdict within the evidence cannot be disturbed by the trial court even though the court would have arrived at a different conclusion.

We hold that the trial court's order determining the fair market value of the land and directing a remittitur or alternatively a new trial on the stated ground cannot stand. The court was without jurisdiction to enter that order.

The judgment is reversed and the case remanded with directions to enter judgment for the landowner on the verdict of the second trial jury.