(574 P.2d 568)

No. 48,993

LARRY D. SMITH, *Appellee*, v. L. A. MORRIS, *Appellant*.

Opinion filed February 10, 1978.

*Thomas L. Theis,* of Sloan, Listrom, Eisenbarth, Sloan and Glassman, of Topeka, for the appellant.

*William J. Craven* and *Robert B. Wareheim,* of McCullough, Wareheim and LaBunker, of Topeka, for the appellee.

Before FOTH, C.J., ABBOTT and PARKS, JJ.

FOTH, C.J.: This is an appeal by the defendant from an order granting plaintiff's motion for a new trial. The action arises out of a 1973 automobile collision. Plaintiff prayed for $136,500.00 in damages, based on medical expenses, pain and suffering, and the loss of a year's wages. The jury returned a verdict for $4,264.41.

One of the grounds for plaintiff's new trial motion was "misconduct of the jury." At the hearing on the motion two jurors were

called to testify. The foreman of the jury, Merlyn Broxterman, testified the jury misunderstood the court's instruction as to "quotient verdicts" and believed it to permit the use of the quotient method if the jury was otherwise unable to arrive at a verdict. Broxterman said each juror wrote down a figure, and the figures were added together and divided by the number of jurors to obtain the verdict. Once the figure was obtained there was no discussion about changing it. Juror Mary Jean Flory testified there had been no advance agreement among the jurors to be bound by the quotient struck; however, she admitted there was no further discussion of the amount after the quotient was figured.

Based on this evidence the trial court granted a new trial "for the reason that the jury misunderstood the Court's instructions pertaining to a 'quotient verdict' and that said new trial should be granted on both issues of liability and damages."

While this appeal was pending plaintiff moved to dismiss on the ground that the order appealed from was not appealable. We postponed consideration of that issue until the hearing on the merits. We now dismiss the appeal for lack of jurisdiction.

K.S.A. 60-2102(a)(4) permits an appeal as of right from a "final decision in any action." Since *Oertel v. Phillips,* 197 Kan. 113, 415 P.2d 223, the first case dealing with the subject under our present code of civil procedure, it has been recognized as a general proposition that an order granting a new trial is not a "final decision." Hence an appeal from such an order is an interlocutory appeal, which may be taken only by permission under K.S.A. 60-2102(b). Appellate jurisdiction being purely a matter of statute, an interlocutory appeal not taken according to the statute must be dismissed for lack of jurisdiction. *Oertel v. Phillips,* supra; *Fredricks v. Foltz,* 221 Kan. 28, 557 P.2d 1252; *Henderson v. Hassur,* 1 Kan. App. 2d 103, 562 P.2d 108.

Appellant, however, relies on the so-called "jurisdictional" exception to the general rule carved out in three cases: *Landscape Development Co. v. Kansas City P. & L. Co.,* 197 Kan. 126, 415 P.2d 398; *Herbel v. Endres,* 202 Kan. 733, 451 P.2d 184; and *Mettee v. Urban Renewal Agency,* 219 Kan. 165, 547 P.2d 356. We believe the reliance is misplaced. Each of those cases held in essence that the six grounds for granting a new trial enumerated in K.S.A. 60-259(a) are exclusive, and that if a trial court grants a

new trial on some different ground it acts beyond its jurisdiction. Such an order which exceeds the court's jurisdiction, as opposed to one which is merely erroneous, was held to be appealable despite its interlocutory nature.

Thus, in *Landscape,* the trial court granted a new trial because it could not "approve" the verdict. The Supreme Court said:

> "K.S.A. 60-259(a) sets forth, in plain and unmistakable language, the grounds on which a new trial may be granted to all or any of the parties. There are six of them. We see no need to list them now. It is sufficient, here, to say that the reason assigned by the trial court in this case, 'that the Court cannot approve the verdict of the jury, period,' is not one of the six grounds listed in the statute.
>
> "We deem the grounds delineated by statute to be exclusive and to constitute a limiting factor upon the authority of a trial court to grant a new trial. . . ." (197 Kan. at 132-133.)

In *Herbel,* the new trial was granted because the trial court was "dissatisfied" with the verdict. Once again the Supreme Court entertained the appeal and reversed, saying:

> "We hold the trial court's order setting aside the verdict and granting a new trial did not comply with the requirements of 60-259(e), *supra,* and was ineffective. The trial court had no jurisdiction to grant a new trial simply because it was dissatisfied with the verdict. This is not one of the grounds for which a motion for new trial may be granted." (202 Kan. at 737.)

In *Mettee,* the most recent case, the trial court ordered a new trial because the verdict was, in the statutory language, "contrary to the evidence." In support, however, it elaborated by finding that the verdict was "grossly excessive under the *credible* evidence." (*Mettee v. Urban Renewal Agency,* supra at 168.) The Supreme Court found that the trial judge's conclusion necessarily reflected a reweighing of the evidence—evidenced by the trial court's reference to the "credible" evidence. It concluded:

> "The trial court complied with the form of the present statute, but not the substance. The court's order stated that the verdict was contrary to the evidence. K.S.A. 1975 Supp. 60-259(a). The court also set forth specific reasons for its order. However, the reasons set forth constitute an impermissible basis for granting a new trial. Those reasons amount to a substitution of the court's judgment for that of the jury. . . ." (219 Kan.. at 169.)

Thus, the Supreme Court found the trial court's grant of a new trial was based upon an independent assessment of the credibility of the evidence and not upon the statutory grounds that the verdict was contrary to the evidence. The trial court had employed the language of K.S.A. 60-259(a) to cover what was actu-

ally a substitution of its judgment for that of the jury. That, of course, was what the trial courts had done in *Landscape* and *Herbel*, without the benefit of the statutory language. The error found in all three cases was the trial judge's assertion of his role as the "thirteenth juror," a role honored in pre-code history but forbidden under the present code.

From this trilogy the following rules emerge:

(1)   An order granting a new trial is not ordinarily a final order or judgment from which an appeal can be taken as a matter of right.

(2)   An appeal from an order granting a new trial may be taken where the order exceeded the court's jurisdiction.

(3)   An order granting a new trial is beyond the court's jurisdiction if it is granted upon grounds not enumerated in K.S.A. 60-259(*a*). The grounds in K.S.A. 60-259(*a*) are exclusive and act as a limitation upon the power of the trial court to grant a new trial.

(4)   The trial court, in granting a new trial upon grounds listed in K.S.A. 60-259(*a*), must do more than merely comply with the form of the statute but must also comply with the substance. The trial court may not use any of the grounds of K.S.A. 60-259(*a*) as a subterfuge for a substitution of its judgment for that of the jury.

Defendant's challenge in this case is twofold. He necessarily concedes that if the jury in fact returned a quotient verdict it was guilty of "misconduct" justifying a new trial. *Flaharty v. Reed*, 170 Kan. 215, 226, 225 P.2d 98; *Blevins v. Weingart Truck & Tractor Service*, 186 Kan. 258, 264, 349 P.2d 896. He nevertheless contends, first, that the trial court didn't find the verdict to be a quotient verdict, and second, that even if the court did make such a finding it was not supported by the evidence.

It is true that the journal entry recites merely that "the jury misunderstood the Court's instructions pertaining to a 'quotient verdict.' " We believe the fair implication of this language is that the misunderstanding led to the return of a quotient verdict. That was the testimony, and that was the claim made in the motion which the court sustained. While the order could have been worded more explicitly, when read in context it appears to us to say that a quotient verdict was in fact returned, although not in *willful* contravention of the court's instructions. That being the ground, ordering a new trial based on jury "misconduct" was within the jurisdiction of the trial court.

Defendant's second contention, that the testimony did not disclose a true quotient verdict, goes only to whether the finding of misconduct was *erroneous* and not to the court's *jurisdiction* to order a new trial on that ground. It would be reviewable in any future appeal from a final order, but is not properly before us at the present interlocutory stage. Otherwise any order granting a new trial would be appealable on a simple assertion that the trial court was wrong in finding the existence of one of the six statutory grounds. If that were so the general rule would give way totally to what is at best a rather narrow exception.

The same reasoning applies to one additional contention made by the defendant. At the hearing on plaintiff's motion for a new trial defendant moved for an additur which would raise the judgment from $4,264.41 to $15,118.51. (The gesture cost nothing, since defendant's liability insurance carrier had already advanced the latter amount, and under K.S.A. 40-275 couldn't recover any of it in any event.) The trial court denied the motion for additur at the same time it ordered a new trial. Defendant asserts that his offer to have a judgment rendered against him larger than the amount any single juror wished to award would have cured any possible prejudice to plaintiff resulting from a quotient verdict.

Assuming without deciding that the trial court had the power to order an additur, the decision to cure the jury's perceived misconduct by a new trial rather than by an additur was one the trial court had *jurisdiction* to make. Defendant's contention on this issue is again that the decision made was *erroneous*, not that it was made without jurisdiction. Like the conclusion that a quotient verdict was in fact returned, this decision is reviewable only after a final decision in the case is rendered.

The appeal being interlocutory we are without jurisdiction and it is dismissed.