No. 48,859

Larry W. Brown, *Plaintiff-Appellee,* v. Triple "D" Drilling Co., Inc., *Defendant,* and K. N. Fitzpatrick, *Defendant-Appellant.*

(585 P.2d 987)

Opinion filed October 28, 1978.

*Abraham Weinlood,* of Weinlood, Cole, Shaffer & Brown, of Hutchinson, argued the cause and was on the brief for the appellant.

*Raymond F. Berkley,* of Hess, Leslie, Berkley & Granger, of Hutchinson, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: The ultimate question we are called upon to decide is whether Larry W. Brown should have been permitted to have his action against K. N. Fitzpatrick reinstated almost two years and four months after it was ordered dismissed without prejudice for lack of prosecution. The order reinstating the action was made *ex parte* and without the defendant Fitzpatrick having an opportunity to oppose the reinstatement.

A motion to set aside the *ex parte* order was filed and argued but the trial judge refused to set aside his order of reinstatement. He restored the case to the trial docket. The defendant Fitzpatrick appeals. We reverse.

A recital of the essential facts and dates necessary to an understanding of our decision is in order. The plaintiff, Brown, was the holder of a $2,500.00 promissory note dated January 20, 1969, due in six months. The note was executed on behalf of Triple "D" Drilling Co., Inc., by R. R. Dutton, president. The signature of K. N. Fitzpatrick appeared on this note as "co-signer." It appears from the petition filed May 1, 1970, that nothing had been paid on this note. Fitzpatrick filed an answer and a cross-claim. A default judgment was taken on June 8, 1970, against Triple "D" Drilling Co., Inc. No action was taken on the Fitzpatrick answer and cross-claim. Execution was issued on the judgment against the drilling company and returned unsatisfied. Three years passed.

The civil appearance docket of the court contains the following entry by the clerk: "August 24, 1973 Dismissed for lack prosecution. w/o prej." The trial docket of the judge contains a similar entry. No written journal entry covering this dismissal appears in the files of the case. The next entries appearing on the civil appearance docket and on the trial docket are dated December 22, 1975, and read: "Reinstated as to def Fitzpatrick." The journal entry covering the reinstatement was prepared by the former attorney for plaintiff, John K. Leighnor, and was signed by the district judge. It reads: "Now on this 22nd day of December, 1975, the above-entitled matter is reinstated as to the Defendant, K. N. Fitzpatrick." Nine days later the attorney for Fitzpatrick filed a motion to set aside the court's *ex parte* order. This motion was argued to the court. Fitzpatrick pointed out that prior to the dismissal the clerk entered the following notation: "Oct. 25 [1972] Notice of Dismissal mld." in the civil appearance docket. The attorneys for the parties debated whether this entry was sufficient proof of compliance with the notice requirements of K.S.A. 60-241(a)(2). The dismissal for lack of prosecution was not entered on the dockets in court until August 24, 1973, ten months after this notice of dismissal was mailed by the clerk.

During the arguments on the foregoing motion it was pointed out that the note was due on July 20, 1969, and the five year statute of limitations, K.S.A. 60-511, would have run on July 20, 1974. This was after the action against Fitzpatrick had been dismissed and a year and four months before the action was reinstated. We note that on dismissal for lack of prosecution the action failed otherwise than on the merits, the five year statute of

limitations had expired, yet no new action was commenced within six months after such failure as required by K.S.A. 60-518. It would appear too late for a separate action to be filed on said note.

The attorney for plaintiff argued that K.S.A. 60-260(*b*)(6) authorized the court to set aside any judgment which was not properly entered and to do so upon its own motion. He did not explain why he felt the cause was not properly dismissed for lack of prosecution.

Fitzpatrick's motion to set aside the *ex parte* order was overruled. No reason was given by the court. This appeal followed.

Initially the plaintiff-appellee challenges the jurisdiction of this court to hear the appeal. He asserts the order reinstating the action against Fitzpatrick and the order overruling the motion of Fitzpatrick to set aside the order of reinstatement are not final orders as required under K.S.A. 60-2102(*a*)(4) (Corrick) which justify an appeal as of right. Such orders had the effect of requiring a trial of the issues presented in the pleadings filed by these parties in 1970.

An order granting a new trial is generally not appealable as a final judgment. See *Bates & Son Construction Co. v. Berry,* 217 Kan. 322, 537 P.2d 189 (1975); *Connell v. State Highway Commission,* 192 Kan. 371, 374, 388 P.2d 637 (1964). However, an exception to the rule stated above is recognized by this court in cases where an order granting a new trial under K.S.A. 60-259(*a*) is challenged on jurisdictional grounds. The "jurisdictional exception" was adopted by this court from a line of federal cases interpreting a similar federal rule. Fed. R. Civ. Proc. 59 (d). The exception was first applied in *Landscape Development Co. v. Kansas City P. & L. Co.,* 197 Kan. 126, 415 P.2d 398 (1966), and has since been recognized in *Mettee v. Urban Renewal Agency,* 219 Kan. 165, 547 P.2d 356 (1976), and in *Herbel v. Endres,* 202 Kan. 733, 736, 451 P.2d 184 (1969). The Kansas Court of Appeals more recently had occasion to discuss this exception in *Smith v. Morris,* 2 Kan. App. 2d 59, 574 P.2d 568 (1978).

The present appeal comes from the order reinstating the action under authority of K.S.A. 60-260. The Kansas cases cited above relate to K.S.A. 60-259. K.S.A. 60-260 was fashioned after its federal counterpart, Rule 60 (b). Fed. R. Civ. Proc. 60 (b). The federal cases have applied the "jurisdictional exception" to orders

relieving a party from a judgment or order under authority of Federal Rule 60 (b). See *Stradley v. Cortez,* 518 F.2d 488, 492 n. 5 (3rd Cir. 1975); *Rinieri v. News Syndicate Co.,* 385 F.2d 818, 821-822 (2nd Cir. 1967); *Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538, 543 n. 5 (2nd Cir. 1963).

This court is aware of certain criticism by some text writers who say the "jurisdictional exception" is unwise and leads to many interlocutory appeals. See 11 Wright & Miller, Federal Practice and Procedure: Civil § 2871, p. 260 (1969). See also dissenting opinion in *Landscape Development Co. v. Kansas City P. & L. Co.,* 197 Kan. at 135. However, in the interest of consistency with the federal case law this court feels the "jurisdictional exception" should be extended in Kansas to orders under K.S.A. 60-260(*b*). Accordingly we hold an exception similar to that stated in Syl. 2 of this opinion is recognized by this court in cases where an order granting relief under authority of K.S.A. 60-260 is challenged on jurisdictional grounds.

When such a challenge is made on jurisdictional grounds the question of jurisdiction on appeal is intertwined with the merits. *Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d at 543 n. 5. See also *Smith v. Morris,* 2 Kan. App. 2d at 62-63. Having determined the appeal is properly before us the next question is whether the trial court without motion or notice had jurisdiction to grant K.S.A. 60-260(*b*) relief where, as here, the action had been dismissed previously without prejudice. The 10th Circuit has held that the trial court does not lose jurisdiction over a case when it has been dismissed without prejudice if subsequently it is reinstated on proper notice pursuant to Rule 60 (b). *Chief Freight Lines Co. v. Local Union No. 886,* 514 F.2d 572, 576 (10th Cir. 1975). See also *Williams v. Frey,* 551 F.2d 932, 935 n. 2 (3rd Cir. 1977); *L. P. Steuart, Inc. v. Matthews,* 329 F.2d 234 (D. C. Cir.), *cert. denied* 379 U.S. 824, 13 L.Ed.2d 35, 85 S.Ct. 50 (1964).

Before the adoption of the present Code of Civil Procedure in Kansas a long line of cases had been handed down holding that trial courts do have the power to relieve parties from certain judgments and orders. See *Goertz v. Goertz,* 190 Kan. 75, 372 P.2d 268 (1962); *State Investment Co. v. Pacific Employers Ins. Co.,* 183 Kan. 229, 326 P.2d 303 (1958); *Federal Land Bank v. Richardson,* 146 Kan. 803, 806, 73 P.2d 1005 (1937). However, this power was subject to certain statutory limitations as to time

and nature of relief. See G.S. 1949, 60-3007, *et seq.* Except in cases of mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order, and except in cases where new trials were granted within the time and in the manner prescribed by statute, the proceedings to vacate or modify were required under prior law to be by petition and summons. See G.S. 1949, 60-3011.

Under K.S.A. 60-260(*a*) clerical mistakes may be corrected "by the court at any time of its own initiative or on the motion of any party." However, under 60-260(*b*) it is provided:

"(*b*) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or said party's legal representative from a final judgment, order, or proceeding for the following reasons: . . ."

At the end of subsection (*b*) we find the following:

"[T]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in this article or by an independent action."

We can see a need for requiring a motion in writing to be filed to obtain relief pursuant to 60-260(*b*). Six reasons are listed in the statute as possible bases for relief. To obtain relief based upon reasons (1), (2), and (3) "the motion shall be made" not more than one year after judgment, order, or proceeding. If relief is sought for reasons (4), (5), or (6) "the motion shall be made within a reasonable time" after the judgment, order, or proceeding. Both time limitations can be determined only by reference to the date a motion is made. Therefore, the filing of a motion is contemplated by the statute and a motion in writing is required if a proper record is to be made of the proceedings below.

The appellant urges a lack of due process as an additional reason why the court's order reinstating plaintiff's cause of action cannot be upheld. An order dismissing an action for lack of prosecution is a final order unless and until it has been set aside on motion as prescribed by 60-260(*b*) or by an independent action. The essential elements of due process of law are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. *Schulze v. Board of Education,* 221 Kan. 351, Syl. 3, 559 P.2d 367 (1977); *Wertz v. Southern Cloud Unified School District,* 218 Kan. 25, Syl. 4, 542 P.2d 339 (1975). The order of the trial court reinstating the action against the defendant, K. N. Fitzpatrick, was entered *sua sponte*

without notice and without an opportunity to be heard or defend. We agree that this did not afford the defendant due process of law.

We hold that K.S.A. 60-260(*b*) does not authorize a district court to grant relief on its own initiative. Subsection (*b*) requires that a motion be filed and notice be given to all parties affected setting forth the reasons for the proposed action. This holding is in accord with *Dow v. Baird,* 389 F.2d 882, 884 (10th Cir. 1968). Contra, *Bucy v. Nevada Const. Co.,* 125 F.2d 213, 217 (9th Cir. 1942).

Accordingly the action of the trial court of its own initiative was outside the authority granted by K.S.A. 60-260(*b*) and was ineffective. The court had no jurisdiction to set aside the order entered two years, three months, and twenty-eight days before or to reinstate the action of its own initiative without notice and opportunity to be heard.

The judgment of the lower court reinstating the cause of action against K. N. Fitzpatrick is reversed.