(598 P 2d 557)

No. 50,215

In the Interest of NYREE and ERIC TROTTER, Minors.

Opinion filed August 17, 1979.

*Muriel Andreopoulous,* assistant district attorney, *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, for the appellant.

*James Forrest McMahon* and *Joyce Lancaster,* of Kansas City, for the appellee.

Before SPENCER, P.J., SWINEHART and MEYER, JJ.

SWINEHART, J.: This appeal arises out of a proceeding finding the natural father, Archie Trotter, unfit and severing his parental rights to his minor children, Nyree and Eric.

The case was originally tried prior to court unification and Archie Trotter appealed adverse rulings of the juvenile court of Wyandotte County to the district court where he was granted a trial de novo. The trial de novo was conducted without recording the proceedings by any means, and the trial court's findings of facts and conclusions of law were not journalized until some months after the hearing. Trotter moved for a new trial pursuant to K.S.A. 60-259 on several grounds, including his inability to perfect his appeal because of the lack of a stenographic record. The trial court granted Trotter's motion after acknowledging the inability of the attorneys to agree on a record in accordance with Supreme Court Rules regarding a "Record on Appeal," 3.01 *et seq.,* 223 Kan. xxxiii, and the inability of the trial judge, because of the lapse of time, to recall the evidence presented at trial. The State appeals from the order granting a new trial.

The State argues that the trial court was without jurisdiction to grant a new trial because the lack of a trial record for appeal purposes and failure of the court to provide a court reporter or electronic recording equipment are not grounds for a new trial as

provided by K.S.A. 60-259(*a*). The State further argues that in any event, Trotter waived a recording of the trial proceedings. K.S.A. 60-259(*a*) provides the exclusive jurisdictional bases upon which a trial court may grant a new trial, and an order granting a new trial may be reviewed on appeal only when the trial court exceeded its jurisdiction. *Smith v. Morris,* 2 Kan. App. 2d 59, 574 P.2d 568 (1978).

Under K.S.A. 60-259(*a*), a new trial may be granted for one of the following grounds:

"*First.* Because of abuse of discretion of the court, misconduct of the jury or party, or accident or surprise which ordinary prudence could not have guarded against, or for any other cause whereby the party was not afforded a reasonable opportunity to present his evidence and be heard on the merits of the case.

"*Second.* Erroneous rulings or instructions of the court.

"*Third.* That the verdict, report or decision was given under the influence of passion or prejudice.

"*Fourth.* That the verdict, report or decision is in whole or in part contrary to the evidence.

"*Fifth.* For newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.

"*Sixth.* That the verdict, report or decision was procured by the corruption of the party obtaining it. In this case the new trial shall be granted as a matter of right, and all the costs made in the case up to the time of granting the new trial."

We have been unable to find any case law holding that a total failure to record trial proceedings constitutes an abuse of discretion. Nonetheless, it is clear that the appellee Archie Trotter has been denied his right to a meaningful appeal under the juvenile code, K.S.A. 1978 Supp. 38-834, due to the total lack of a transcript and the inability of the trial court and counsel for the involved parties to reconstruct an acceptable record for appeal. We hold that the failure of the trial court to provide either a court reporter or electronic equipment to record the proceedings, or to keep adequate notes itself from which a record on appeal could be prepared does constitute an abuse of discretion within the meaning of K.S.A. 60-259(*a*). Whether a party may affirmatively waive a recording, as the State has alleged Trotter's counsel did, cannot be decided on this appeal because the record fails to disclose that such a waiver was in fact made.

Since abuse of discretion provides a sufficient basis for granting a new trial, we find the trial court had jurisdiction to grant the appellee's motion for a new trial.

Appeal dismissed.