IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 126,477

DAVID VOGT,
*Appellee*,

v.

KANSAS DEPARTMENT of REVENUE,
*Appellant*.

SYLLABUS BY THE COURT

1.

The determination of an administrative body as to questions of law is not binding on the courts, and the final construction of a statute always rests with the courts.

2.

A question of jurisdiction may be so intertwined with the merits of an issue that a judicial determination of the merits is essential before a court can decide whether it has jurisdiction.

Review of the judgment of the Court of Appeals in an unpublished opinion filed December 27, 2024. Appeal from Johnson District Court; RHONDA K. MASON, judge. Oral argument held September 10, 2025. Opinion filed October 17, 2025. Judgment of the Court of Appeals dismissing the appeal is reversed, and the case is remanded to the Court of Appeals with directions.

*Charles P. Bradley*, of Legal Services Bureau, Kansas Department of Revenue, argued the cause and was on the brief for appellant.

*Brandan J. Davies*, of Roth Davies LLC, of Overland Park, argued the cause, and *Adam D. Stolte*, of Stolte Law, LLC, of Overland Park, was on the brief for appellee.

1

The opinion of the court was delivered by

ROSEN, J.: David Vogt challenges the suspension of his commercial driver's license. The Court of Appeals held he had no judicial recourse for that challenge and dismissed his appeal. We disagree and remand the case to the Court of Appeals for a decision on the merits.

## FACTUAL AND PROCEDURAL BACKGROUND

Vogt was charged with driving a noncommercial vehicle while intoxicated, but he entered into a diversion agreement. The Kansas Department of Revenue (KDR) determined this was the equivalent of a guilty conviction, invoking a statutory mandatory suspension of his commercial driver's license. He contended this was an incorrect interpretation of the statute defining convictions and appealed the administrative determination to district court. The district court granted him relief, but the Court of Appeals, without briefing or argument on jurisdiction, held the statute governing license appeals does not allow judicial review of mandatory suspensions and dismissed his case for want of jurisdiction. This court granted Vogt's petition for review.

## ANALYSIS

The controlling question that we address here is whether the Court of Appeals was correct in its sua sponte determination that the Kansas statutory scheme does not allow judicial review of Vogt's appeal.

2

*Discussion*

The Court of Appeals panel looked to K.S.A. 8-259, governing judicial review of the cancellation, suspension, revocation, or denial of driving privileges. In relevant part, that statute sets out the conditions for judicial review for the suspension of driving privileges:

> "Except in the case of mandatory revocation under K.S.A. 8-254 or 8-286, and amendments thereto, mandatory suspension for an alcohol or drug-related conviction under subsection (b) of K.S.A. 8-1014, and amendments thereto, mandatory suspension under K.S.A. 8-262, and amendments thereto, *or mandatory disqualification of the privilege to drive a commercial motor vehicle under subsection* (a)(1)(A), (a)(1)(B), (a)(1)(C), *(a)(2)(A)*, (a)(3)(A) or (a)(3)(B) of K.S.A. 8-2,142, and amendments thereto, the cancellation, suspension, revocation, disqualification or denial of a person's driving privileges by the division is subject to review. Such review shall be in accordance with the Kansas judicial review act." (Emphases added.) K.S.A. 8-259(a).

The Court of Appeals panel reasoned that the KDR suspended Vogt's commercial license under K.S.A. 8-2,142(a)(2)(A), and this suspension was mandatory. A mandatory suspension is specifically excluded from judicial review by K.S.A. 8-259(a). The district court therefore did not have subject matter jurisdiction to consider Vogt's appeal, and for that matter, the Court of Appeals also did not have subject matter jurisdiction. *Vogt v. Kansas Department of Revenue*, No. 126,477, 2024 WL 5230265, at *3 (Kan. App. 2024) (unpublished opinion).

K.S.A. 8-2,142(a)(2)(A) requires the KDR to disqualify a person from driving if the person was convicted of driving while intoxicated:

"(a) A person is disqualified from driving a commercial motor vehicle for a period of not less than one year upon a first occurrence of any one of the following:

. . . .

(2) while operating a noncommercial motor vehicle:

(A) *The person is convicted of a violation of K.S.A. 8-1567*, and amendments thereto, or of a violation of an ordinance of any city in this state, a resolution of any county in this state or any law of another state, which ordinance or law declares to be unlawful the acts prohibited by that statute." (Emphasis added.) K.S.A. 8-2,142(a)(2)(A).

K.S.A. 8-1567 makes it illegal to operate any vehicle within the state while driving under the influence of alcohol or drugs. If Vogt was convicted of driving under the influence, then statutory operation would compel the KDR to suspend his license, and he would not have statutory subject matter jurisdiction to invoke review in district court. This is the conclusion that the Court of Appeals panel reached, and it ended its analysis there.

But Vogt challenges the conclusion that he was convicted under K.S.A. 2021 Supp. 8-1567. He maintains the KDR incorrectly interpreted K.S.A. 2021 Supp. 8-2,128(h), which defines convictions for licensing purposes. And herein lies the rub. If he was not convicted under K.S.A. 2021 Supp. 8-1567, he should be able to challenge in district court the suspension of his license. But, by operation of K.S.A. 8-259(a), according to the Court of Appeals' reasoning, he cannot obtain jurisdiction to challenge his suspension and argue he was not convicted.

K.S.A. 8-259(a) would allow Vogt to obtain judicial review of the suspension if he was not convicted under K.S.A. 2021 Supp. 8-1567 because K.S.A. 8-2,142(a)(2)(A) would not apply. This leaves him in a Catch-22 situation:  he can obtain judicial review

4

only if the suspension of his license was not lawful, and he can establish that it was unlawful only if he obtains judicial review. At oral argument, counsel for the KDR conceded this is a dilemma in which drivers may find themselves.

K.S.A. 8-2,128(h) defines what constitutes a "conviction" for Kansas licensing purposes. Without some avenue for judicial review of the KDR's determination that Vogt was convicted under that statute, the KDR becomes the exclusive tribunal for interpreting a Kansas statute.

The determination of an administrative body as to questions of law is not binding on the courts, and the final construction of a statute always rests with the courts. See *Blue Cross & Blue Shield of Kansas, Inc. v. Praeger*, 276 Kan. 232, 247, 75 P.3d 226 (2003). If a reviewing court finds that an administrative agency's interpretation of a statute is erroneous as a matter of law, it is up to the court to take corrective action. See *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 70, 150 P.3d 892 (2007).

Vogt must have some mechanism to bring the KDR's construction of the conviction statute before the courts. The question of jurisdiction here is so intertwined with the merits of the appeal that judicial review of the KDR's statutory interpretation is essential before a court can conclude that it lacks jurisdiction. See, generally, *Brown v. Fitzpatrick*, 224 Kan. 636, 639, 585 P.2d 987 (1978).

CONCLUSION

We therefore reverse the decision by the Court of Appeals and remand this case to that court to determine whether Vogt's commercial driver's license was subject to mandatory suspension under K.S.A. 8-2,142(a)(2)(A) because he had a conviction as defined by K.S.A. 8-2,128(h).

5

Judgment of the Court of Appeals dismissing the appeal is reversed, and the case is remanded to the Court of Appeals with directions.