(620 P.2d 348)

No. 51,019

DAISY DANIELS and PATRICIA L. FILANCIA, *Appellants,* v. JERRY CHAFFEE d/b/a CIRCLE "C" TRAINING CENTER, *Appellee.*

Opinion filed December 5, 1980.

*Robert D. Hecht,* of Scott, Quinlan and Hecht, of Topeka, for the appellants.

*Donald R. Hoffman,* of Humpage, Berger and Hoffman, of Topeka, for the appellee.

Before FOTH, C.J., SWINEHART and MEYER, JJ.

SWINEHART, J.: This is an appeal from an order of the District Court of Shawnee County setting aside a default judgment.

Plaintiffs Daisy Daniels and Patricia L. Filancia contend the trial court erred in setting aside a default judgment entered against the defendant Jerry Chaffee, d/b/a Circle "C" Training Center.

On August 4, 1976, the plaintiffs filed a petition in the District Court of Shawnee County alleging that the defendant had converted property belonging to them. Specifically, they alleged he sold four of their horses which were stabled at Circle "C" Training Center without authorization. At the same time the petition was filed, the plaintiffs filed a notice to take the deposition of the defendant and a praecipe for a subpoena duces tecum. The appearance docket reflects that the sheriff of Shawnee County, F. T. "Jim" Chaffee, personally served his son, defendant Jerry Chaffee, with the summons on August 5, 1976, and a notice to take deposition and subpoena duces tecum were served on August 6, 1976. The defendant failed to answer the petition within twenty days of the service. As a result, the plaintiffs moved for default judgment, and a hearing on the motion was held on August 27, 1976. The trial court found that the defendant had personally been served with summons on August 5, 1976, had

filed no pleadings, and was wholly in default. The court heard testimony from the plaintiffs and Joe O'Sullivan, then an assistant district attorney, and found that the allegations in the petition were true. The court entered judgment in favor of the plaintiffs in the amount of $7,500 for the value of the horses and further awarded $7,500 as punitive damages because the acts of the defendant were intentional, deliberate and wanton. The default judgment was filed on August 30, 1976.

On September 11, 1976, the defendant appeared at the office of Robert Hecht, plaintiffs' counsel, to have his deposition taken. Plaintiffs' counsel apprised the defendant that there was no need to take his deposition because the defendant had failed to respond to plaintiffs' petition within twenty days. Hecht also advised defendant to obtain a lawyer, but did not inform him that default judgment had been entered against him because "I did not want to get into a hassle with him [defendant] because I know him and I know his personality and his temper and there wouldn't be anything that I could tell him or any help I could give him because of a potential conflict."

On September 22, 1976, the defendant filed a motion to vacate the default judgment pursuant to K.S.A. 60-260(*b*)(1) and (3) on the grounds that the judgment had been obtained "through mistake, inadvertence, surprise, excusable neglect, misunderstanding, and misconduct, and that no sufficient service of process was had on the Defendant." A hearing on the motion was held on December 10, 1976, at which time counsel for the respective parties presented arguments. The counsel for defendant offered no evidence and indicated no desire to do so. He stated, however, defendant was misled because he was served with a notice to take a deposition on September 11, 1976, along with the petition. On April 4, 1977, the court denied the motion to vacate. In its order the court stated it gave consideration to the evidence offered by the plaintiffs prior to rendering the default judgment and that it had made personal inquiry of the witnesses at that time. The court also stated defendant failed to make any showing that he had a meritorious defense to the action. Apparently copies of this order were never mailed to counsel for either the plaintiffs or the defendant, and the reason for the failure is not evident from the record or from the briefs or oral arguments of the parties. No further action concerning the case was taken for nearly six months.

On October 4, 1977, shortly after receiving notice that the court had denied his motion to vacate, the defendant filed a motion for rehearing, stating that there was no requirement in effect at the time he moved for vacation that he make a showing of a meritorious defense. An amended motion for rehearing was filed on October 28, 1977, giving additional reasons for the motion. That motion provided that the grounds for the original motion to vacate were K.S.A. 60-260(*b*)(1) and (4), although subsections (1) and (3) had been recited. In the memorandum accompanying his amended motion, defendant claimed his request for relief was based upon K.S.A. 60-260(*b*)(6) and 60-261. The motion specifically alleged that the April 4, 1977, order was erroneous because the court failed to enter findings on whether (1) defendant's failure to file an answer was a result of mistake or excusable neglect; (2) defendant had been properly served with process; and (3) plaintiffs would suffer prejudice if defendant's motion was sustained. It also argued that the finding that defendant failed to make a showing of a meritorious defense was erroneous because of the limited nature of the proof permitted at the hearing on December 10. Attached with the amended motion were four exhibits. The first was an affidavit of DeLayne Long stating that he had purchased three of the horses described in plaintiffs' petition from Chaffee on May 22, 1976. The second exhibit was a letter from William Birtell, a veterinarian, stating that a mare belonging to one of the plaintiffs was treated for, and subsequently died from, chronic pulmonary emphysema in the spring of 1976. Defendant filed an answer which related that the horses were sold to compensate him for services rendered to and uncompensated by the plaintiffs. Defendant also provided an affidavit claiming that plaintiffs owed him money and the horses were sold to cover the debt. He allegedly informed the plaintiffs that such action would be taken if they did not pay him within thirty days. He also stated he did not recall being personally served with summons and petition.

On March 31, 1978, the trial court entered a memorandum decision and order on the motion of the defendant for rehearing. In the memorandum order the court summarized the proceedings which had occurred since the filing of the petition. The court noted that at the December 10 hearing on the motion of the defendant to vacate, defendant argued that he was misled because

he had been simultaneously served with summons, a petition, and notice to take deposition on September 11, 1976. Again, the court observed defendant offered no evidence and never informed the court that he wished to present any relevant evidence in support of his motion. After careful consideration of all the arguments, the court concluded that the amended motion for rehearing should be overruled because there was nothing misleading in serving defendant simultaneously with a petition and notice to take deposition, as such a practice is allowed under the rules of civil procedure. Further, the summons clearly provided that an answer must be filed within twenty days after service or a default judgment could be taken. Additionally, at the time of the original motion to vacate, annul and set aside the judgment, there was no showing that the defendant had a meritorious defense or that the plaintiffs would not be prejudiced by the reopening, which are two requirements which must be established before a default judgment may be set aside. The court stated it had examined the exhibits attached to the amended motion for rehearing and had concluded that the purported defense of the defendant was substantially without merit. In order to avoid any injustice from the lack of notice of the April 4, 1977, order, the court also vacated the original order as of March 31, 1978, to allow defendant a timely appeal.

On April 4, 1978, the court on its own motion set aside the order filed on March 31, 1978, which had overruled the motion of the defendant for reconsideration. The court gave the following reasons for its decision: (1) Defendant was reasonably prompt when he filed his original motion to vacate after the default judgment was entered; (2) it was not fair to penalize the defendant for the failure of his attorneys to allege a meritorious defense in connection with his original motion to vacate; (3) the six-month delay between the time the decision overruling the original motion to vacate and the filing of the amended motion for reconsideration was not due to the fault of the defendant; (4) the defendant was not guilty of inexcusable neglect or reckless indifference; (5) in the amended motion for reconsideration a meritorious defense was alleged.

On April 17, 1978, the plaintiffs filed a motion for reconsideration of the court's order of April 4, 1978. On November 29, 1978, the motion for reconsideration was overruled. On December 26,

1978, the plaintiffs filed a motion to determine a point of law in advance of trial on the ground that the district court was without jurisdiction to set aside or vacate the default judgment because no appeal was taken within thirty days of the April 4, 1977, order and no statutory procedure exists for a motion for rehearing. This motion was overruled.

On March 12, 1979, the case was brought to trial, and a six-member jury entered a special verdict finding that the defendant sold three of the plaintiffs' horses and that the sale was unauthorized. The jury found the total value of the horses to be $2,450 and that punitive damages should be assessed against the defendant in the amount of $2,000. The journal entry was filed on April 3, 1979. Notice of appeal was filed on April 11, 1979.

The plaintiffs argue that the trial court erred in setting aside and vacating its default judgment entered on August 27, 1976, for the following reasons: (1) After entry of the order of April 4, 1977, denying the defendant's motion to vacate, annul or set aside the default judgment which had been entered on August 27, 1976, the defendant should have filed an appeal as it was a final order, but failed to do so within thirty days. (2) The trial court's failure to notify counsel of its April 4, 1977, order, although in violation of Supreme Court Rule No. 134, 225 Kan. lxiv, formerly Supreme Court Rule No. 115, 214 Kan. xxxvii, did not invalidate the ruling. (3) The April 4, 1978, order entered by the judge under his own motion and vacating the judgment of August 27, 1976, directly contravened *Brown v. Fitzpatrick,* 224 Kan. 636, 585 P.2d 987 (1978).

In response, the defendant contends that the trial court's failure to send notice of the April 4, 1977, order to counsel effectively eliminated his opportunity to take an appeal. He also discusses the general requirements which must be met before a default judgment may be vacated.

The record indicates that the defendant filed a timely motion as provided by K.S.A. 60-260(*b*) to set aside the default judgment filed on August 30, 1976, and that the trial court did not abuse its discretion in originally denying defendant's motion in the order filed on April 4, 1977. (See *Jenkins v. Arnold,* 223 Kan. 298, 573 P.2d 1013 [1978], for a summary of the principles to be applied when considering motions to set aside default judgments.)

We find that the order denying defendant's motion to set aside

the default judgment was a final order. The validity of this judgment is not affected by failure to serve plaintiffs and defendant with a copy thereof as required by K.S.A. 60-258 and Supreme Court Rule No. 134, 225 Kan. lxiv. See *Neagle v. Brooks,* 203 Kan. 323, 454 P.2d 544 (1969). Although we are cognizant that present Supreme Court Rule No. 134, 225 Kan. lxiv, the successor to Supreme Court Rule No. 115, 214 Kan. xxxvii, discussed in *Neagle v. Brooks,* deleted any reference to the consequences of failure to mail notice to the parties, this revision does not affect our decision on this issue.

Therefore, we hold that the trial court was without jurisdiction to entertain defendant's motion for rehearing on the order refusing to set aside the default judgment. All subsequent acts of the trial court are accordingly a nullity. Defendant's proper remedy upon the court's refusal to set aside the judgment was to appeal which he failed to do within the statutory thirty days from the date the journal entry was filed. K.S.A. 60-2103. In view of our decision on this point, we need not consider plaintiffs' remaining issue.

Judgment reversed with directions to the trial court to reinstate the default judgment as originally entered on August 30, 1976.