No. 51,019

DAISY DANIELS and PATRICIA L. FILANCIA, *Plaintiffs-Appellants,* v. JERRY CHAFFEE d/b/a CIRCLE "C". TRAINING CENTER, *Defendant-Appellee.*

(630 P.2d 1090)

Opinion filed July 17, 1981.

*Robert D. Hecht,* of Scott, Quinlan & Hecht, of Topeka, argued the cause and was on the brief for the appellants.

*Donald R. Hoffman,* of Humpage, Berger & Hoffman, of Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal from an order of the district court setting aside a default judgment. The plaintiffs-appellants are Daisy Daniels and Patricia L. Filancia. The defendant-appellee is Jerry Chaffee d/b/a Circle "C" Training Center. The factual circumstances are fully set out in the opinion of the Court of Appeals in *Daniels v. Chaffee,* 5 Kan. App. 2d 552, 620 P.2d 348 (1980). The issues raised are procedural in nature. Hence, a

chronological statement of the proceedings in the case is necessary.

This action was filed in Shawnee County District Court on August 4, 1976. Plaintiffs alleged, in substance, that they were entitled to actual and punitive damages because of the unlawful conversion by defendant of four horses belonging to the plaintiffs which had been boarded at the defendant's place of business. At the time the petition was served on defendant, there was also served a notice to take the deposition of the defendant with a subpoena for defendant to appear at the office of plaintiffs' attorney on September 11, 1976. Apparently assuming that no action on his part was necessary until his deposition had been taken, defendant failed to file a response to the petition within the statutory period. On August 30, 1976, on motion of plaintiffs and after a brief evidentiary hearing, the district court awarded plaintiffs a default judgment in the amount of $7,500 compensatory damages for the value of four horses and $7,500 punitive damages.

On September 11, 1976, the day of the scheduled deposition, defendant Chaffee appeared at the office of plaintiffs' attorney to have his deposition taken. The attorney told defendant that the deposition was not necessary because defendant had not responded to the petition. Defendant was advised to obtain counsel. The defendant was not advised by plaintiffs' counsel that default judgment had been obtained. Defendant then obtained counsel who, on September 22, 1976, filed a motion to set aside the default judgment pursuant to K.S.A. 60-255(b) and 60-260(b). A hearing was held on the motion on December 10, 1976. Counsel for the defendant argued that defendant had been misled because he had been served with the subpoena duces tecum along with the notice to take his deposition. He claimed the failure to file a response to the petition was due to mistake and inadvertence. The trial court took the motion under advisement. Four months later, on April 4, 1977, the court denied the motion to vacate the default judgment. In its journal entry, the court stated that it gave consideration to the evidence presented but noted that the defendant had failed to show that he had a meritorious defense to the action. This journal entry was filed without notice to counsel and copies of the order were never mailed to counsel for plaintiffs or defendant. Defendant's counsel assumed that the matter was still under advisement and took no action for nearly six months.

On October 4, 1977, shortly after receiving notice of the court's journal entry, the defendant filed a motion for rehearing. On October 28, 1977, an amended motion was filed giving additional reasons for the motion. Attached to the motion was an affidavit setting forth facts which would constitute a bona fide defense to plaintiffs' action. Five months later, on March 31, 1978, the district court entered a memorandum decision overruling the amended motion of defendant for rehearing. The motion was denied but, in order to avoid an injustice from the lack of notice to counsel at the time the April 4, 1977, order was entered, the court vacated the original order as of March 31, 1978, in order to allow the defendant a timely appeal. Four days later on April 4, 1978, the district judge had a change of heart. The court on its own motion set aside the order filed March 31, 1978, which had overruled the motion of defendant for rehearing, and vacated the default judgment of August 30, 1976. In setting aside the default judgment and its order overruling the motion of defendant for rehearing, the court gave the following reasons for its decisions:

(1) Defendant was reasonably prompt when he filed his original motion to vacate after the default judgment;

(2) It was not fair to penalize the defendant for the failure of his attorney to allege a meritorious defense in connection with his original motion to vacate;

(3) The six-month delay between the time of the decision to overrule the original motion to vacate and the filing of the amended motion for reconsideration was not due to the fault of the defendant;

(4) The defendant was not guilty of inexcusable neglect or reckless indifference; and

(5) In the amended motion for reconsideration a meritorious defense was alleged.

On April 17, 1978, the plaintiffs filed a motion for reconsideration of the court's order of April 4, 1978. Seven months later on November 29, 1978, the plaintiffs' motion for reconsideration was overruled. On December 26, 1978, the plaintiffs filed a motion to determine a point of law in advance of trial, contending that the trial court was without jurisdiction to set aside or vacate the default judgment because no timely appeal was taken from the order of April 4, 1977, and no statutory procedure existed for a motion for rehearing. This motion was overruled. On March 12,

1979, after further unexplained delays, the case was finally brought to trial. A six-member jury entered a special verdict finding that the defendant sold three of the plaintiffs' four horses and that the sale was unauthorized. The jury found the total value of the horses sold to be $2,450 and that punitive damages should be assessed against the defendant in the amount of $2,000. This award of damages was $10,550 less than the damages previously awarded by the trial court in the default judgment. The journal entry was filed on April 3, 1979. The plaintiffs then appealed to the Court of Appeals, raising as the sole issue on appeal that the district court erred in setting aside and vacating the default judgment of August 30, 1976.

At the hearing before the Court of Appeals, the plaintiffs argued, in substance, that after the entry of the order of April 4, 1977, denying the defendant's motion to vacate and set aside the default judgment entered on August 30, 1976, the defendant should have filed a timely notice of appeal within 30 days from that date even though his counsel had not been notified of the filing of the journal entry. It was contended that the trial court's failure to notify counsel of its April 4, 1977, order until six months later did not invalidate the ruling of the court or extend the appeal time. In response, the defendant contended that the trial court's failure to notify counsel promptly of the order of April 4, 1977, effectively eliminated his opportunity to take an appeal within the statutory 30 days. The Court of Appeals reversed with directions to the trial court to reinstate the default judgment as originally entered on August 30, 1976. In reaching that conclusion, the Court of Appeals reasoned as follows:

"We find that the order denying defendant's motion to set aside the default judgment was a final order. The validity of this judgment is not affected by failure to serve plaintiffs and defendant with a copy thereof as required by K.S.A. 60-258 and Supreme Court Rule No. 134, 225 Kan. lxiv. See *Neagle v. Brooks,* 203 Kan. 323, 454 P.2d 544 (1969). Although we are cognizant that present Supreme Court Rule No. 134, 225 Kan. lxiv, the successor to Supreme Court Rule No. 115, 214 Kan. xxxvii, discussed in *Neagle v. Brooks,* deleted any reference to the consequences of failure to mail notice to the parties, this revision does not affect our decision on this issue.

"Therefore, we hold that the trial court was without jurisdiction to entertain defendant's motion for rehearing on the order refusing to set aside the default judgment. All subsequent acts of the trial court are accordingly a nullity. Defendant's proper remedy upon the court's refusal to set aside the judgment was to appeal which he failed to do within the statutory thirty days from the date the

journal entry was filed. K.S.A. 60-2103. In view of our decision on this point, we need not consider plaintiffs' remaining issue." 5 Kan. App. 2d at 556-57.

The Supreme Court granted defendant's petition for review. The issue in this court is the same as that raised in the Court of Appeals: Whether the district court had jurisdiction to set aside and vacate the default judgment entered on August 30, 1976.

We must first consider whether the district court had jurisdiction to hear and determine defendant's motion for rehearing and to make its March 31, 1978, ruling. We have concluded that the district court did have jurisdiction. As noted above, the Court of Appeals relied upon the provisions of K.S.A. 60-258 which provides in part as follows:

"**60-258. Entry of judgment.** . . . No judgment shall be effective unless and until a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court. . . .

"When judgment is entered by judgment form the clerk shall serve a copy of the judgment form on all attorneys of record within three days. Service may be made personally or by mail. *Failure of service of a copy of the judgment form shall not affect the validity of the judgment."* Emphasis supplied.

The Court of Appeals cited *Neagle v. Brooks,* 203 Kan. 323, 454 P.2d 544 (1969), which states in Syllabus ¶ 2:

"Where a court has jurisdiction of the parties and the subject matter of the action, a judgment entered by it is not void by reason of failure of the judge to cause written notice of the general nature of the judgment to be mailed immediately to a party who was not present when entry of the judgment was directed (following rule No. 115 of this court)."

At that time Rule No. 115 (214 Kan. xxxvii) provided as follows:

" 'Notice of Rulings and Judgments. Whenever a judge shall make a ruling on a motion or application of any kind and there are affected parties who have appeared in the action but who are not then present, either in person or by their attorneys, if any, and who are not then in default, the judge shall also cause written notice of such ruling or decision to be mailed to such parties or attorneys forthwith. When a judge directs the entry of a final judgment against a party who is not then present, either in person or by his attorney, if any, and whose mailing address appears in the file of the proceeding or is readily available, he shall cause written notice of the general nature of the judgment to be mailed immediately to such party; *but the failure to mail such notice, or the failure of the party to receive the same, shall not affect the validity of the judgment.'* (Emphasis supplied.)" 203 Kan. at 327.

The Court of Appeals noted that Rule No. 115 had been succeeded by the present Supreme Court Rule No. 134, 225 Kan. lxiv. Present Supreme Court Rule No. 134 relating to district

courts was adopted July 28, 1976, effective January 10, 1977, and was applicable in October, 1977, when counsel for the defendant first received notice of the court's order and immediately filed a notice for rehearing in which he made a showing of a meritorious defense to plaintiffs' action. Rule No. 134 provides as follows:

"Notice of Rulings. Whenever a judge shall make a ruling on a motion or application of any kind and there are parties affected who have appeared in the action but who are not then present, either in person or by their attorneys, the judge shall cause written notice of such ruling to be mailed to the parties or attorneys forthwith.

"The provisions for notice above set forth may be modified by the court upon motion, or on its own initiative in any action in which there are unusually large numbers of parties." 225 Kan. lxiv.

We have concluded that the Court of Appeals erred in holding that the district court had no jurisdiction to consider the defendant's motion for rehearing and to enter its order of March 31, 1978. In our judgment, the Court of Appeals was unduly strict in its interpretation of the language of K.S.A. 60-258 that the "[f]ailure of service of a copy of the judgment form shall not affect the validity of the judgment." We hold that the proper interpretation of this section is that the filing of a journal entry or judgment form by the trial judge creates a valid judgment although the trial court fails to comply with K.S.A. 60-258 and Rule No. 134 requiring the giving of notice to the attorneys. The judgment, although valid, is voidable and subject to attack by post-trial motions as provided for in the code. In other words, a journal entry or judgment form filed without notice to counsel is a judgment in the sense that it bears interest from the date it is filed, but it is subject to post-judgment attack as in other cases.

The interpretation adopted by the Court of Appeals is unjust and inequitable in that it has the effect of penalizing litigants and their counsel for the mistakes of the court. K.S.A. 60-102 provides that the provisions of the code of civil procedure shall be construed to secure the *just,* speedy, and inexpensive determination of every action or proceeding. Likewise, K.S.A. 60-265 recognizes that the code is to be applied with flexibility to see that justice is done in a particular case. We note the last paragraph in K.S.A. 60-265 which provides as follows:

"In any matter over which the court has jurisdiction but with reference to which no specific provision is included in this article, the court shall proceed in such

manner as shall be just and equitable to protect the rights and interests of all parties affected thereby."

It should also be emphasized that the district courts of this state have broad discretion and powers, independent of the statutory code, to take actions to see that justice is done in a particular case even though there is no specific provision granting such authority in the code of civil procedure. See *King v. King*, 183 Kan. 406, 411, 327 P.2d 865 (1958); *State Investment Co. v. Pacific Employers Ins. Co.*, 183 Kan. 229, 326 P.2d 303 (1958). The judicial power of the courts, including the control of matters of procedure, is derived from Article 3 of the Judicial Article of the Kansas Constitution. It is not dependent upon statutory enactments.

Applying a liberal interpretation of K.S.A. 60-258 and construing that statute along with the other statutes mentioned and Rule No. 134, we hold that, where a trial court enters judgment without giving notice to the parties or counsel as required by K.S.A. 60-258 and Rule No. 134, a valid judgment is entered which is subject, however, to being set aside when attacked by post-judgment motions and proceedings. The time for filing post-judgment motions or taking an appeal from a final judgment entered without notice commences to run when there has been a compliance with K.S.A. 60-258 and Rule No. 134. In each individual case, a rule of reason must be applied to insure that the rights of the parties are protected and that they are not denied their legal rights through forces beyond their control. We hold that, under the circumstances of this case, where counsel for the defendant, upon receiving notice of the trial court's judgment, promptly filed a motion for rehearing, the trial court had jurisdiction to hear the motion for rehearing and to reconsider its judgment entered on August 30, 1976. In *Ten Eyck v. Harp*, 197 Kan. 529, 533, 419 P.2d 922 (1966), it was held that a motion for rehearing, although not one of the motions expressly designated in K.S.A. 60-2103(*a*), is, in substance, a motion to alter or amend the judgment and has the effect of suspending the running of the time for perfecting an appeal until it is overruled. To the same effect is *Heim v. Werth*, 214 Kan. 855, 857, 522 P.2d 389 (1974). The trial court had jurisdiction to hear defendant's motion for rehearing and to enter judgment denying the motion on March 31, 1978. The Court of Appeals was in error in holding to the contrary.

On the appeal, however, the plaintiffs contend that, assuming the district court had jurisdiction to hear defendant's motion for

rehearing and to enter the judgment on March 31, 1978, it did not have jurisdiction to vacate that judgment on its own initiative as it did on April 4, 1978. The Court of Appeals never reached this issue since it held that the district court had no jurisdiction to consider or to act at all on the defendant's motion for rehearing.

The power of a trial court to grant a new trial on its own motion is provided for in K.S.A. 60-259(e). K.S.A. 60-259 provides in part as follows:

"(a) *Grounds.* A new trial may be granted to all or any of the parties and on all or part of the issues when it appears that the rights of the party are substantially affected:

"*First.* Because of abuse of discretion of the court, misconduct of the jury or party, or accident or surprise which ordinary prudence could not have guarded against, or for any other cause whereby the party was not afforded a reasonable opportunity to present his evidence and be heard on the merits of the case.

"*Second.* Erroneous rulings or instructions of the court.

"*Third.* That the verdict, report or decision was given under the influence of passion or prejudice.

"*Fourth.* That the verdict, report or decision is in whole or in part contrary to the evidence.

"*Fifth.* For newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.

"*Sixth.* That the verdict, report or decision was procured by the corruption of the party obtaining it. In this case the new trial shall be granted as a matter of right, and all the costs made in the case up to the time of granting the new trial shall be charged to the party obtaining the decision, report or verdict.

"On motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, taking additional testimony, and direct the entry of a new judgment.

"(b) *Time for motion.* A motion for a new trial shall be served not later than 10 days after the entry of judgment. After a motion has been thus timely served, the court in its discretion may (1) upon application and notice while the motion is pending, permit the moving party to amend the motion to state different or additional grounds; (2) grant the pending motion upon grounds not stated by the moving party and in that case the court shall specify the grounds in its order.

. . . . .

"(e) *On initiative of court.* Not later than ten (10) days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor.

"(f) *Motion to alter or amend a judgment.* A motion to alter or amend the judgment shall be served and filed not later than ten (10) days after entry of the judgment."

It should be noted that under K.S.A. 60-259(a) one of the grounds for granting a new trial is for any cause whereby a person is not

afforded a reasonable opportunity to present his case and be heard on the merits of the case. The second ground is erroneous rulings or instructions of the court. K.S.A. 60-259(*e*) specifically gives the trial court the power, even in the absence of a motion for a new trial, to order a new trial on its own initiative within ten days after the entry of judgment, for any reason which would have supported such a motion. The decisions in this state have consistently held that a trial court has the inherent authority, *sua sponte* without a motion, to grant a new trial within the term of court. *Goertz v. Goertz,* 190 Kan. 75, 372 P.2d 268 (1962); *Dimit v. Bradshaw,* 186 Kan. 220, 350 P.2d 131 (1960); *King v. King,* 183 Kan. 406; *State Investment Co. v. Pacific Employers Ins. Co.,* 183 Kan. 229. Judge Spencer A. Gard in Gard's Kansas C. Civ. Proc. 2d § 60-260 (1979) takes the position that while K.S.A. 60-260 does not expressly give the trial court the authority to "relieve a party from a final judgment" *sua sponte* without a motion, the court has inherent power to do so, as it has traditionally had before the enactment of the code in 1963.

The power of a court to grant a new trial on its own initiative under K.S.A. 60-259(*e*) was before this court for interpretation in *Landscape Development Co. v. Kansas City P. & L. Co.,* 197 Kan. 126, 415 P.2d 398 (1966). That case involved an award in a condemnation proceeding following a jury verdict for the plaintiff-landowner. The plaintiff being dissatisfied with the verdict filed a motion for a new trial. The trial court granted a new trial *sua sponte* on grounds other than those alleged in the motion. The condemning authority's attorney challenged the jurisdiction of the court to grant a new trial on its own motion more than ten days after the jury verdict was rendered which was March 16, 1965. The basis of the challenge to the court's jurisdiction was as follows: (1) The new trial was granted because the court could not approve the verdict. (2) This ground was not contained in plaintiff's motion for a new trial. (3) Hence, the court's action in granting the new trial was on its own initiative. (4) K.S.A. 60-259(*e*) limits the time within which a new trial may be granted on the court's own initiative to ten days after entry of judgment. (5) The order granting a new trial on the court's own initiative, being made more than ten days after judgment was entered, is void because the court lacked jurisdiction to make it.

In the opinion Justice Fontron points out that K.S.A. 60-259(*e*)

is identical to Federal Rule No. 59 (d), after which it was fashioned. The opinion notes the conflict among the federal cases as to whether the filing of a post-trial motion by a litigant extends the time for a trial court to grant a new trial on its own initiative. Facing the issue directly, it was held that, where the finality of the judgment has been postponed by the filing of a motion for a new trial, a trial court may grant a new trial more than ten days after the judgment. Syllabus ¶ 2 of *Landscape Development Co.* states as follows:

"Where a motion for new trial has been timely filed, a trial court does not lack jurisdiction to set the verdict aside and grant a new trial more than ten days after entry of judgment, for reasons not set forth in the motion, provided the grounds on which it acts are ones for which it might have granted a new trial on a party's motion."

The basic rationale of the opinion is that the ten days allowed a trial court to grant a new trial *sua sponte* does not expire *until a judgment has become a finality and all pending post-trial motions attacking the judgment have been disposed of.* There are many federal authorities which hold that the motion for a new trial required to be filed within ten days under Rule 59 includes a motion for rehearing and reconsideration. In this regard, Rule 59 has been interpreted as broad enough to include motions involving post-judgment matters before a trial court sitting without a jury, including motions for rehearing. See 11 Wright & Miller, Federal Practice and Procedure: Civil § 2804 (1973); *Spatz v. Nascone,* 368 F. Supp. 352, 353 (W.D. Pa. 1973); *Maryland Tuna Corporation v. MS Benares,* 429 F.2d 307, 317-18 (2d Cir. 1970); *Ionian Shipping Company v. Tyson Shipping Co.,* 49 F.R.D. 334 (S.D.N.Y. 1969); *Heikkila v. Barber,* 164 F. Supp. 587 (N.D. Cal. 1958); *Slater v. Peyser,* 200 F.2d 360, Syl. ¶ 1 (D.C. Cir. 1952); *Safeway Stores v. Coe,* 136 F.2d 771, 773-74 (D.C. Cir. 1943).

It has been held that, under the provisions of K.S.A. 60-206(c) and K.S.A. 60-260(b), a trial court retains a broad discretionary power to relieve a party from a final judgment for any reason justifying relief from the operation of the judgment, if such power is exercised prior to the time for docketing an appeal from the judgment in the Supreme Court. With the adoption of the code of civil procedure, effective January 1, 1964, a new concept was introduced into our law governing the effect of terms of court upon the authority of a court over its judgments. K.S.A. 60-206(c)

provides that the expiration of a term of court in no way affects the power of a court to do any act or hear any proceeding in a civil action pending before it. (Gard's Kansas C. Civ. Proc. 2d § 60-206[c]) (1979). The effect of K.S.A. 60-206(c) and 60-260 is recognized by Justice Fromme in the opinion in *Wichita City Teachers Credit Union v. Rider,* 203 Kan. 552, 456 P.2d 42 (1969), in the following language:

> "K.S.A. 60-260 introduced change in the law respecting the review and correction of judgments. The text of this statute was taken largely from the Federal Rules of Procedure. (3 Barron and Holtzoff, Federal Practice and Procedure [Wright] § 1321 to 1332, incl.) The rule is broadly phrased and many of the itemized grounds for relief are overlapping. (*Laguna Royalty Company v. Marsh,* [C.A. 5th 1965], 350 F.2d 817, 823.) The rule is designed to permit the desirable legal objective that cases may be decided on their merits, and it must be given a liberal construction to prevent miscarriage of justice. (*Radack v. Norwegian America Line Agency, Inc.,* [C.A. 2d 1963], 318 F.2d 538, 542.) The recognition of the court's power to reexamine its ruling prior to docketing an appeal prejudices no one, and may facilitate the doing of equity which the rule contemplates. (*Sleek v. J.C. Penney Company,* [C.A. 3d 1961], 292 F.2d 256.)

> "K.S.A. 60-260(b)provides the motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment was entered. A motion to set aside a judgment in a non-jury case under 60-260(b)(6), although filed after notice of appeal is served, is made within a reasonable time if it is filed and acted upon before the time the appeal from said judgment is docketed in the supreme court. (See *McDowell v. Calebrezze,* [C.A. 5th 1962], 310 F.2d 43.)

> "Under the provisions of K.S.A. 60-206(c) and 60-260(b)(6) a trial court retains broad discretionary power to relieve a party from final judgment for any reason justifying relief from the operation of the judgment if such power is exercised prior to the time for docketing an appeal from the judgment in the supreme court." pp. 555-56.

In *Brown v. Fitzpatrick,* 224 Kan. 636, 585 P.2d 987 (1978), it was held that K.S.A. 60-260(b) does not permit a district court to grant relief from a judgment or order on its own initiative. Subsection (b) requires a motion be filed by a party and a notice of hearing be given to all parties to be affected thereby. In *Brown,* a trial judge, without any notice whatsoever, set aside a previous order dismissing an action which had been entered two years, three months, and twenty-eight days before. It was held that the action of the trial court on its own initiative and without notice was outside the authority granted by K.S.A. 60-260(b) and was ineffective. It appears from the factual circumstances stated in the opinion that some informal contact was made with the court by counsel, since the journal entry covering the reinstatement was

prepared by the former attorney for the plaintiff and was signed by the district judge. The result reached in *Brown* was entirely correct, because counsel for the plaintiff never filed a written motion to reinstate the case or to set aside the prior dismissal and failed to give proper notice to defendant. This procedure, whereby the action was reinstated *sua sponte,* without notice, and without an opportunity for the defendant to be heard, was held to deny the defendant due process of law.

The *Brown* case, however, is not applicable to the facts and circumstances in this case, where a motion to set aside the default judgment was filed by counsel for the defendant pursuant to K.S.A. 60-260. The filing of this motion and the subsequent motion for a rehearing, clearly gave the trial court jurisdiction to reconsider its default judgment and the desirability of granting the defendant a new trial in this case. The filing of a motion pursuant to K.S.A. 60-260 created in the district court jurisdiction to determine the rights of the parties in this regard.

In *State Investment Co. v. Pacific Employers Ins. Co.,* 183 Kan. 229, a post-judgment motion for a new trial was filed. The defendant had notice of the hearing on the motion, and the motion was fully argued and briefs were submitted. Following that hearing, the motion was overruled on May 24, 1957. On October 4, 1957, four months later, the district judge concluded that the plaintiff's motion for a new trial should have been sustained and, without notice to the parties, entered an order setting aside the order of May 24, 1957, and ordered that a new trial be granted. Defendant appealed from the October 4, 1957, order granting plaintiff a new trial. On appeal, the Supreme Court held that, following the overruling of the motion, the district court had absolute control over that order to modify, alter, change, or vacate it in whole or in part and error may not be predicated upon the mere fact that the district court first an-nounced its decision in favor of the defendant by overruling plaintiff's motion, and later in the same term of court vacated and set aside that order and granted plaintiff a new trial. It was held that the fact that the plaintiff had not received additional notice or had another opportunity to be heard before a new trial was granted did not affect the validity of the order of October 4, 1957, granting a new trial. It was held that the rights of the parties were

fully safeguarded by the original hearing held on May 17, 1957, when the basic issues were fully discussed and briefed.

A similar result was reached in *Darnall v. Lowe*, 5 Kan. App. 2d 240, 615 P.2d 786 (1980), where it was held that a trial court may reexamine its rulings within the time period allotted by K.S.A. 60-260, provided it does so prior to the time an appeal is docketed at the appellate level. *Darnall* follows the holding in *Brown* that, under K.S.A. 60-260, a district court may not grant relief from a judgment or order on its own initiative, but requires that a motion be filed by a party and that a notice of hearing be given to all parties who would be affected thereby.

Based upon the various statutes discussed above and our prior case law, we hold that the district court in this case had jurisdiction to grant a new trial to the defendant *sua sponte* as it did in its order dated April 4, 1978. The requirement of K.S.A. 60-260 that a written motion be filed by a party and notice given was satisfied by the various motions filed by the defendant. All parties were given a full opportunity to appear and be heard on the issue of whether the default judgment should be set aside and a new trial granted. Although the trial court entered an order refusing to set aside the default judgment on March 31, 1978, it had the power four days later to conclude that its ruling was in error and to sustain the motion for reconsideration and to set aside the default judgment on its own initiative.

The final point for us to consider on the appeal is whether the trial court abused its discretion in setting aside the default judgment of August 30, 1976, and in granting the defendant a new trial. We have concluded that no abuse of discretion in this regard has been shown. In ordering a new trial the court made the specific findings mentioned above and concluded that justice required a new trial. In the default judgment, plaintiffs were awarded damages in the total amount of $15,000 for the unlawful conversion and sale of four horses. The jury found from the evidence that the defendant actually sold three horses rather than four. Furthermore, the jury found that the amount of defendant's actual damages for conversion of the three horses was $2,450 rather than $7,500, as found by the trial court at the time the default judgment was rendered. We hold that the district court did not abuse its discretion in granting the defendant a new trial and that the trial court had jurisdiction to try the case to a jury in

order to find the amount of damages to which the plaintiffs were lawfully entitled.

The judgment of the district court is affirmed and the judgment of the Court of Appeals is reversed.

FROMME, J., dissenting. The opinion of the Court of Appeals in this case follows the statutory and case law in this State and should not be reversed. This court's statement that the interpretation adopted by the Court of Appeals is unjust and inequitable is unjustified. This court with this decision has exceeded the limit beyond which an appellate court should go in dispensing what it perceives to be justice and equity in a particular case. When, as here, the statutes and case law are not followed the lawyers and litigants cannot determine what is the law. They have to guess whether the law previously declared will be changed to arrive at what the individuals on the Supreme Court at any given time may deem a fair and equitable decision.

For instance, consider what is said in syllabus ¶ 1 in the court's opinion. The first sentence of this syllabus recites the law as we have understood it except it does not state that post-judgment motions are required by statute to be filed within definite time periods. A motion for a new trial is required to be filed within ten days after entry of the trial judgment. If the court on its own initiative is to grant a new trial this also must be done within ten days after the entry of judgment.

With this in mind, the last sentence of syllabus ¶ 1 is totally confusing. It practically wipes out all statutory time requirements for post-trial motions by stating these time requirements do not commence to run until the requirement of K.S.A. 60-258 is met. The ten-day requirement for a new trial is no longer mandatory for the ten days does not begin to run from entry of judgment as provided by statute. The ten-day period is directed by this court to begin to run when the judgment form is served by the clerk on all attorneys.

The final sentence of K.S.A. 60-258 must, therefore, be disregarded. This final sentence reads: "Failure of service of a copy of the judgment form shall not affect the validity of the judgment." Under the last sentence of syllabus ¶ 1 the judgment is not final unless and until the judgment form has been served on all attorneys of record. (The clerk has yet to make service in the present case.)

Now let us look at the appeal statute for Chapter 60 cases. The time for appeal from a judgment is 30 days. K.S.A. 60-2103. Attorneys will no longer be able to rely on the final sentence in K.S.A. 60-258. Appeal time may be extended by later proceedings on any judgment when not served as per K.S.A. 60-258. It now becomes imperative that the clerk make and file an affidavit of service in the case although this is not required by statute. Previously the attorneys and litigants could rely on the judgment being valid because the statute stated "failure of service of a copy of the judgment form shall not affect the validity of the judgment." Under the law in syllabus ¶ 1 as I read it, the time for taking an appeal is now extended by this court indefinitely in any case where it can be established the clerk failed to serve a copy of the judgment. In the case of an appeal, if the record does not contain proof of service of a copy of the judgment form, any party against whom a judgment is entered has thirty days from the date service is accomplished to serve a motion for new trial regardless of what is said in the last sentence of K.S.A. 60-258 and 60-259(*b*). This may be considered more just and equitable by this court but it does violence to the statutes and it opens the plaintiff's judgment to collateral attack for an indefinite period of time.

The majority opinion refers to the power of the trial court to grant a new trial on its own motion. This is limited by statute to a period of ten days after entry of the judgment. K.S.A. 60-259(*e*). The default judgment was entered in this case on August 30, 1976. The court eventually on its own initiative vacated its previous order of April 4, 1977, and ordered a new trial on April 4, 1978. A year and eight months elapsed between the entry of judgment and the order for a new trial.

The cases cited by the majority fall in two categories, those decided prior to January 1, 1964, and those falling under our present code which became effective on that date. The *Goertz, Dimit, King* and *State Investment Co.* cases were decided under G.S. 1949, 60-3007 which provided:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made."

There was no requirement in this former statute that a decision be rendered during a term of court; however, the statute did require that a new trial be granted "within the time and in the manner prescribed in this code," and G.S. 1949, 60-3003 required

the application for a new trial to be made within three days after the verdict or decision was rendered. We no longer are limited by terms of court under our present code.

I have no quarrel with the holding in *Landscape Development Co. v. Kansas P. & L. Co.,* 197 Kan. 126, 415 P.2d 398 (1966), relied on in the majority opinion as supporting the granting of a new trial in this case. Our present code permits a new trial to be granted, based on one of the statutory grounds, if a motion is filed within ten days from the time the judgment is filed. In *Landscape* a party filed the motion within the required ten days and while the motion remained undecided and pending, the trial court on its own initiative and on different grounds granted the new trial. No uncertainty as to the validity of the judgment can result in such cases. So long as a motion is filed and is pending within the statutory ten-day period no one can be misled for the judgment remains open and has not become final.

The case of *Wichita City Teachers Credit Union v. Rider,* 203 Kan. 552, 456 P.2d 42 (1969), is distinguishable from the present case. In *Wichita Teachers,* a notice of appeal was filed within the required thirty-day period from entry of judgment. Under our procedure for appeals provided by K.S.A. 60-2103(*g*) and Rule No. 2.04, 225 Kan. xxxiv, the appellant has an additional ten days after filing the notice of appeal to file certified copies of the decision appealed from and the notice of appeal with the clerk of the appellate courts. When that is accomplished and the docket fee is paid, the appeal is deemed to be docketed. We held in *Wichita Teachers* that a motion to set aside a judgment in a nonjury case under K.S.A. 60-260(*b*)(6), although filed after notice of appeal is served, is made within a reasonable time if it is filed and acted upon before the appeal from the judgment is docketed in the Supreme Court. No question was presented in that case concerning the ten-day limitation on motions for new trials or concerning the thirty-day requirement for filing notice of appeals.

The holding in *Darnall v. Lowe,* 5 Kan. App. 2d 240, 615 P.2d 786 (1980), cited in the majority opinion, is much more limited than is indicated in that opinion. In the first place no new trial was granted in that case; secondly, the decision in the trial court was reversed and the case was remanded with directions; and thirdly Syllabus ¶ 2 of the case holds:

"K.S.A. 60-260(*b*) does not permit a district court to grant relief from a judgment

or order on its own initiative, but requires that a motion be filed and that a notice of hearing be given to all parties who would be affected thereby."

This is not our present case.

The majority opinion will add confusion to the law by practically repealing the last sentence of K.S.A. 60-258, and by raising serious questions on the finality of many judgments. It now appears that attorneys will have to require the clerk of the district court to execute and file a certificate to prove that a copy of the judgment form was served on all attorneys of record within three days after the judgment form is filed.

It is my opinion that under the protective mantle of liberal interpretation of the statutes this court has destroyed certainty in the law as it previously applied to the field of judgments. What the majority now perceive to be justified by justice and equity in this case may well result in confusion. I respectfully dissent.