NOT DESIGNATED FOR PUBLICATION

No. 123,414

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ST. JOHN HOSPITAL,
*Appellee*,

v.

DURAND K. DICKERSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Leavenworth District Court; MICHAEL D. GIBBENS and DAVID J. KING, judges. Opinion filed June 17, 2022. Affirmed.

*Durand Dickerson*, appellant pro se.

*Kendall M. McVay*, Hollins and McVay, P.A., of Topeka, for appellee.

Before BRUNS, P.J., MALONE, J., and RICHARD B. WALKER, S.J.

PER CURIAM: St. John Hospital (the Hospital) obtained a default judgment in a limited action case against Durand K. Dickerson in 2007, after he failed to appear. Years later, after several previous unsuccessful attempts to conduct a hearing in aid of execution—due to Dickerson's continued failure to appear—the Hospital chose to pursue collection by nonwage garnishment instead. In July 2020, Dickerson filed a motion requesting that the district court issue a written ruling on previous motions he claimed were still pending. Dickerson now appeals the district court's ruling on that motion and asks us to remand the case to the district court for adequate findings or otherwise vacate

1

the judgment due to a due process violation. After carefully reviewing the issues presented, we affirm the district court's rulings.

FACTS

The Hospital filed a petition for judgment against Dickerson in May 2007, asserting he had unpaid debts of $2,403.68. Dickerson was personally served with a copy of the petition and a summons to appear on June 21, 2007, at 8:30 a.m. On the date of the scheduled hearing, Dickerson failed to appear, and the district court issued a default judgment for the full amount, plus prejudgment interest of $321.42 and postjudgment interest at 12% per annum and costs of the action.

In April 2012, the Hospital filed a renewal affidavit, asserting the unpaid balance of the judgment was now $4,196.35.

Four months later, in August 2012, the Hospital requested a hearing in aid of execution and the district court ordered Dickerson to appear at a hearing the following month. Dickerson was served notice of the hearing by certified mail. When Dickerson failed to appear, the court issued an order for him to appear and show cause why he should not be found in contempt for failure to appear, but the Hospital failed to serve Dickerson with a copy of this notice.

In March 2014, the Hospital requested a second hearing in aid of execution and the district court ordered Dickerson to appear for a hearing the following month. Dickerson was personally served with notice of this hearing. When he again failed to appear, the Hospital once again filed an affidavit in support of contempt and asked the court to hold Dickerson in contempt of court. The court issued another order for Dickerson to appear and show cause why he should not be held in contempt, but the Hospital failed to serve Dickerson with a copy of this notice.

2

In September 2014, the Hospital filed a second affidavit in support of contempt, stating again that Dickerson failed to appear at the April 2014 hearing. The district court again issued a citation to show cause, ordering Dickerson to appear at a hearing in October 2014 and show cause why he should not be held in contempt. Service for this hearing was successfully obtained by residential service on an individual named Stephanie Dickerson.

In November 2014, the Hospital filed a third affidavit in support of contempt, alleging that Dickerson failed to appear at the October hearing. The district court again issued a citation to show cause, ordering Dickerson to appear at a hearing in December 2014 and show cause why he should not be held in contempt. Three unsuccessful attempts were made to serve Dickerson.

In January 2015, the Hospital filed a fourth affidavit in support of contempt, alleging yet again that Dickerson failed to appear at the October 2014 hearing. The district court issued a citation to show cause, ordering Dickerson to appear at a hearing on in February 2015 and show cause why he should not be held in contempt. Dickerson was personally served with this order.

When Dickerson failed to appear for the February 2015 hearing, the district court issued a bench warrant for his failure to appear. The warrant was executed in September 2016, and Dickerson was arrested. He posted a cash bond of $260 and was ordered by the court to appear at a hearing in March 2016. The hearing was later postponed to October 2016.

At the October 2016 hearing, Dickerson explained to the district court that he appeared at the February 2015 hearing and had also done so "every time that they wanted me to appear." Dickerson further explained that he checked in with the clerk on that date and "waited for [his] name to be called and it wasn't called." At Dickerson's request, the

3

court continued the hearing to allow him more time to obtain the log sheet from the clerk's office. The hearing was then continued several additional times.

In November 2016, Dickerson filed motions requesting transcripts of the hearings held in October 2014; February 2015; and October 2016 "to include the opening and closing arguments." The Leavenworth County clerk filed a written response, advising Dickerson that the estimated cost for the October 2016 hearing transcript was $16 and that "[t]he other 2 transcripts . . . do not exist, because the corder [*sic*] was not running."

At a hearing held in January 2017, Dickerson explained to the district court that the clerk's office was unable to provide him a copy of the sign-in sheet because "they throw them away after a certain period of time," and he questioned the validity of the Hospital's assertions that he did not appear at previous hearings. The court responded that the Hospital based those assertions "on the court notes that were made by the clerk in the courtroom and by my initials by them." When Dickerson again asserted that he was present at the hearings and his name was never called, the court responded:

> "Well, I will say that I'm concerned about it because the time. I normally put the time there when I call your name, that--is true, and the time's not in my notes. And they are not my signature on it, my notes—on the notes. The sig—the initials are there. Now sometimes what happens is when the courtroom is vacant, we don't call the cases, because there's nobody left in the courtroom. I don't know if that's what happened here or not."

Also in January 2017, the Hospital filed a motion requesting the district court to issue an order of nonwage garnishment in the amount of $6,397.69, which represented 110% of the current balance due on the original judgment. The court complied with the request and issued an order of nonwage garnishment that same day to a Leavenworth financial institution where the Hospital believed Dickerson had an account.

Later in January 2017, Dickerson filed a "Motion for Plaintiff to Produce Evidence in Support of Affidavid [*sic*] of Contempt." In that motion, Dickerson reiterated his previous assertions that he signed in with the clerk for the October 2014 and February 2015 hearings, then "waited for his name to be called for about 45 minutes," but that "Plaintiff or their attorney never made an appearance before the Court." Therefore, Dickerson asked the court to order plaintiff's counsel to produce the evidence used in support of his affidavits in support of contempt filed in November 2014 and January 2015.

In February 2017, Dickerson filed an "Affidavit in Support of Appearance in Court," stating:

> "That on 10/16/2014 and on 2/19/2015 I personally appeared in the District Court of Leavenworth, County Kansas for an Aid in Execution at 8:30 a.m.
> "The Plaintiff failed to show up nor was my name or my case called by the court.
> "Therefore, the Defendant was not in contempt of court."

The district court issued an order later that day for Dickerson to appear back at a hearing in May 2017.

Also in February 2017, Dickerson filed a motion objecting to the court's findings. In that motion, Dickerson argued the court failed to issue proper findings of fact or conclusions of law pursuant to Supreme Court Rule 165 regarding:

> "Why the Plaintiff was not allowed to produce the requested evidence his affidavit was based on.

> "What the Court said that the Defendant knows the procedure of checking in with the clerk and standing in the Plaintiff's line to be examine outside the Courtroom by the Plaintiff and the Defendant asked what statue [*sic*] the Court based the procedure on.

5

"Why the Court hearings on 10/16/2014, 2/19/2015 and other hearings was not recorded for the record?

"Why the Court did not call the Defendant's name and case before the Court on 10/16/2014 and 2/19/2015 while Defendant sat in the courtroom waiting for his case to be heard.

"Why a Bench Warrant was issued without proper evidence and an affidavit to back the bench warrant and arrest of the Defendant."

On March 7, 2017, the Hospital filed a second motion requesting the district court to issue an order of nonwage garnishment in the amount of $6,465.84 to Dickerson's financial institution, which represented 110% of the current balance due. The court complied with the request and issued an order of nonwage garnishment that same day.

On March 17, 2017, Dickerson filed a motion requesting a transcript of the hearing held on September 20, 2012, at 8:30 a.m. Three days later, he filed a motion requesting a hearing and asserting the judgment was exempt from garnishment because of "jurisdiction issues." That same day, the court transcriptionist sent Dickerson a letter responding to his request for a transcript of the September 2012 hearing, advising him that "[a]fter thorough search of the recordings it has been determined that there was no hearing held for this case on [that date]."

On March 20, 2017, Dickerson requested a hearing on the garnishment of his bank account, citing "jurisdiction issues" as the basis for exemption. At a hearing on March 30, 2017, the district court denied Dickerson's request to quash the garnishment and found it had jurisdiction.

On April 26, 2017, the district court granted the Hospital's motion to pay and ordered Dickerson's bank to remit payment of $3,261.05 on the March 2017 order of garnishment.

The following day, Dickerson filed a motion objecting to the order to pay, challenging the district court's prior findings and asserting the court lacked subject matter jurisdiction because it violated his due process rights. In particular, Dickerson asserted:

"Defendant put on record during the 3/30/17 hearing that he appeared in court every time he was order[ed] to appear. Defendant checked in with the clerk on 9/20/12, 4/17/14, 10/16/14 [and] 2/19/15. When the Defendant requested the check in information, the clerk said that they do not keep the check in information for each date that I checked in on file which is in violation of my due process right.

"The Court denied my Motion to Quash Garnishment on 3/30/17 without giving any finding of facts and conclusion of law. The Court also struck Defendant[']s 2/17/17 Motion Objecting to the Court's Findings without giving any finding of facts and conclusion of law it based it's decision on, which is in violation of Defendant's due process right."

On June 1, 2017, Dickerson filed a motion objecting to the district court's findings. In particular, he questioned the court's verbal rulings from hearings on March 30, 2017, and May 18, 2017, that it had subject matter jurisdiction. Dickerson also reiterated that the court violated his due process rights. At a hearing in aid of execution for the remainder of the judgment, Dickerson again raised the issue of jurisdiction. The court informed Dickerson it had already ruled on that issue and advised him the proper remedy was to appeal.

In July 2020, Dickerson filed a motion requesting the judge make a written ruling on his prior motions, specifically relating to his claims that the court lacked subject

matter jurisdiction and violated his due process rights by issuing contempt orders based on a failure to appear. The court took this up at a hearing on August 20, 2020, and found no reason to overturn its prior rulings.

In its verbal ruling, the district court began by reciting the case history, including that the court had authorized several citations in contempt for failure to appear at hearings in aid of execution, but noted the Hospital largely abandoned those attempts by failing to personally serve Dickerson. However, the Hospital successfully served Dickerson in February 2015 for a hearing that month, but when he failed to appear, the court issued a bench warrant for Dickerson.

The district court further explained that although Dickerson was eventually arrested on the warrant in September 2016 and placed on bond, the Hospital "abandoned" pursuing a contempt citation by instead filing for a nonwage garnishment beginning in January 2017. Thus, the district court found that "any matters that Mr. Dickerson has presented to the Court previously or that he reasserts at this time about making findings about whether he appeared in court or had not *are not material*, because they're not matters that the plaintiff is pursuing to cite you with contempt for." (Emphasis added.)

The district court then noted that after the Hospital obtained a nonwage garnishment and order to pay in April 2017, Dickerson objected on the grounds that his due process rights had been violated because the court entered contempt rulings based on his failure to appear, despite his assertions that he had in fact appeared. The court concluded that "since those issues had been abandoned by the plaintiff by not pursuing the contempt citations, there's no due process violation." The court then briefly addressed making findings at the May 2017 hearing, to which Dickerson objected, and how Dickerson filed the motion invoking a ruling three years later in July 2020. The court concluded its ruling by stating:

"The ruling's been made, Mr. Dickerson. Your requests and—and motions in the like have been denied by the Court. I've reviewed all of them. I find no error in those to the extent that you're asking for reconsideration of prior rulings and for the Court to correct those, I find no reason to correct anything that the Court did. You're entitled to no other relief that—that you've requested. If you object to the rulings of the Court in the proceedings, your—your remedy was appeal, and you failed to appeal the decisions.

"So there—there's nothing I can do for you, Mr. Dickerson. Your—your motions are denied, and that's the decision of the Court."

Dickerson filed a notice of appeal on September 17, 2020, stating that he was appealing "from this Court's verbal rulings on August 20, 2020, May 18, 2017, and April 13, 2017."

After the appeal was docketed, we became aware that the record did not contain any written orders of the district court's verbal rulings. Kansas law states that the timeline for appeal begins only upon entry of judgment, particularly that "[n]o judgment is effective unless and until a journal entry or judgment form is signed by the judge and filed with the clerk." K.S.A. 60-258; see also *Daniels v. Chaffee*, 230 Kan. 32, 37, 630 P.2d 1090 (1981) (noncompliance with K.S.A. 60-258 does not affect the validity of a judgment but the judgment remains subject to postjudgment attack until the journal entry is filed and served). Thus, because the district court had not entered any journal entries from the verbal rulings mentioned in Dickerson's notice of appeal, the appeal was not yet ripe for decision.

Accordingly, we issued a show cause order directing the parties to demonstrate why the appeal should not be dismissed or, alternatively, why we should not retain jurisdiction and remand with directions to file a journal entry. At the parties' request, we chose the latter and remanded the case to the district court "for the limited purpose of entry of a journal entry in compliance with K.S.A. 60-258."

9

The district court entered a journal entry complying with the order on February 17, 2022, stating as follows:

"On August 20, 2020, the court heard Defendant's 'Motion Invoking the Judge to Make a Ruling'. Plaintiff appeared by attorney Geoffrey Sonntag. Defendant appeared pro se. The parties presented argument to the court.

"Thereupon the court made findings on the record as to defendant's Motion, which the court incorporates herein by reference, and denied defendant's Motion."

Dickerson objected to the findings, which the district court addressed in a journal entry issued on May 13, 2022. In its ruling the district court stated:

"Notwithstanding the jurisdiction of the Court of Appeals over his appeal, defendant Dickerson persists in trying to litigate matters related to this appeal in the district court.

". . . Defendant's stated objections relate to his dissatisfaction with the post-judgment rulings of the district court at hearings on April 13, 2017, May 18, 2017, and August 20, 2020. Transcripts of all three of the hearings from which defendant appeals are part of the record in this case, and are available for appellate court review. I am satisfied that the detailed findings I made in connection with the court's hearing on August 20, 2020, are sufficient to comply with K.S.A. 60-252; and, that the court's February 17, 2022, journal entry of the August 20, 2020, hearing fulfills the requirements of K.S.A. 60-258. Any objection defendant has to these rulings are matters for decision by the Court of Appeals."

ANALYSIS

1.      *The district court did not abuse its discretion by issuing contempt orders and a bench warrant.*

The first argument Dickerson makes on appeal is that the district court abused its discretion when it issued contempt orders and a bench warrant based on a factual error. The crux of his argument is a factual dispute over whether Dickerson failed to appear at several hearings in district court. As Dickerson explains it, he was present for every hearing and the district court's failure to follow the proper procedures resulted in "structural error" and a violation of due process because he was eventually arrested on a bench warrant for contempt.

The Hospital takes the position that most of the claims Dickerson makes on appeal are untimely because he failed to appeal the 2017 rulings identified in his notice of appeal, and that only the August 2020 ruling is properly before this court. However, the Hospital's arguments were made before we remanded the case to allow the district court to enter a written order of the ruling from the August 2020 hearing. Consequently, the 2017 rulings remained subject to postjudgment attack because there was no effective judgment of those rulings. See K.S.A. 2021 Supp. 60-258; *Daniels*, 230 Kan. at 37.

The parties agree the appropriate standard of review is for an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018). As the party asserting an abuse of discretion, Dickerson bears the burden of proving such abuse of discretion. See *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

11

Additionally, Dickerson also appears to challenge the original default judgment entered in 2007 in his brief, which was likewise based on his failure to appear. But that particular ruling does not suffer from the same infirmity as the subsequent rulings because the record contains a signed order of default judgment, dated June 21, 2007. Thus, to the extent that Dickerson attempts to contest the original judgment, the Hospital correctly notes that he is well out of time to appeal that ruling.

This case arises under the Kansas Code of Civil Procedure for Limited Actions, which allows "any party" to appeal from, in relevant part, "any order, ruling or decision which determines the action at any stage of the proceedings." K.S.A. 61-3901(b). Dickerson's chief complaint seems to be that the district court allowed the Hospital to pursue contempt citations based on his alleged failure to appear at hearings in aid of execution from August 2012 through his eventual arrest on a bench warrant in September 2016. But in making that complaint, Dickerson mistakenly assumes that his arrest constituted a finding that he was guilty of contempt.

Looking to the relevant statute, the Kansas Code of Civil Procedure for Limited Actions authorizes a judgment creditor to request the court order a hearing in aid of execution of a judgment "at any time after 14 days after judgment." K.S.A. 2021 Supp. 61-3604(a). If a person is ordered to appear at such a hearing and fails to do so,

> "the court shall issue a citation for contempt to that person providing that the person must appear in court at a date and time specified to show cause why the debtor should not be held in contempt and punished for contempt. The citation for contempt does not need to be supported by affidavit or other verification." K.S.A. 61-3606.

Only after a hearing—whether by appearing on a contempt citation or after a bench warrant has been executed securing the person's appearance—can a district court determine whether to find someone guilty of contempt. K.S.A. 61-3607; K.S.A. 61-

12

3608(a) (authorizing court to issue bench warrant). Importantly, neither the initial contempt citation nor the bench warrant needs be supported by affidavit or other verification. K.S.A. 61-3606; K.S.A. 61-3608(a). Rather, the statute seems to anticipate that a person charged with contempt must at a hearing "show cause why the debtor should not be held in contempt and punished for contempt." K.S.A. 61-3606. So to the extent that Dickerson argues the district court improperly relied on a factual error to issue contempt orders in this case, he has failed to show an abuse of discretion because the statute expressly mentions that proof by affidavit or other verification is not required.

But more importantly, Dickerson's suggestion that the district court followed improper procedures is unfounded because there is nothing in the record to show that he was ever held in contempt at any point. Although the district court issued contempt citations in August 2012, March 2014, September 2014, and November 2014, none of those citations resulted in a contempt hearing. Only the final citation—which was issued in January 2015 for a hearing the following month—resulted in a bench warrant and eventually an arrest in September 2016. Yet, none of the hearing transcripts available in the record show that the district court ever found Dickerson guilty of contempt as he seems to believe. Instead, based on the record, once Dickerson posted a bond to secure his appearance going forward and became more engaged in the case by filing his own motions, the Hospital chose to abandon its previous attempts to hold him in contempt and instead chose to seek nonwage garnishment to secure the judgment.

Put simply, all of Dickerson's efforts from October 2016 to the filing of his notice of appeal—i.e., requesting transcripts of prior hearings, submitting affidavits to prove his appearance, and objecting to the court's findings—were unnecessary because he was never found guilty of contempt or punished in any way for his alleged failure to appear. Even for the contempt rulings that were issued, although K.S.A. 61-3901(b) seems to allow Dickerson to appeal a contempt citation because it is an "order [or] ruling which

13

determines the action at any stage of the proceedings," we perceive no discernable remedy for what has occurred in this case.

To the extent that Dickerson challenges the district court's subject matter jurisdiction in this case or asserts a due process violation, as he did below in his filings in district court, he provides no relevant authority to support those propositions. Failure to support a point with pertinent authority or failure to show why a point is sound despite a lack of supporting authority or in the face of contrary authority is the same as failing to brief the issue. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018). It can also hardly be said that a due process violation occurred when the Hospital and district court followed the exact procedures outlined in the Kansas Code of Civil Procedure for Limited Actions for holding Dickerson in contempt, albeit without actually completing the process.

Even if we would construe Dickerson's challenges as an objection to the garnishment order in April 2017, the outcome would be the same. The only basis Dickerson asserted to challenge the garnishment was a lack of jurisdiction, which was based on the alleged violations of due process. Since Dickerson establishes no due process violation and asserts no other reason to overturn the garnishment order, we affirm the district court's order to pay.

In short, we find no abuse of discretion or other error in the district court's rulings in this case.

2.     *Dickerson's contention that the district court erred by not making adequate findings of fact or conclusions of law is now moot.*

The second issue Dickerson has raised on appeal is whether the district court failed to make adequate findings of fact or conclusions of law when ruling on his July

14

2020 motion requesting the judge make a ruling. He cites Supreme Court Rule 165 (2022 Kan. S. Ct. R. at 234) and K.S.A. 60-252 as support for this argument.

However, Dickerson's chief complaint on this point appears to be that the district court's failure to issue a written ruling precludes meaningful appellate review of his claims. On that basis, he asks this court to reverse and remand the case to the district court to enter such an order. Because we have already remanded the case to the district court for the express purpose of entering a journal entry for the August 2020 hearing— and the district court has now complied—Dickerson's requested relief has already been met. In short, this particular claim is moot.

Appellate courts generally do not consider moot questions or render advisory opinions. *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, 504, 912 P.2d 716 (1996). "An issue is moot where any judgment of the court would not affect the outcome of the parties' controversy." *Manly v. City of Shawnee*, 287 Kan. 63, Syl. ¶ 4, 194 P.3d 1 (2008).

Affirmed.